OPINION
{¶ 1} Defendant-appellant, Ruben Saldana Hinojosa, appeals his convictions in the Butler County Court of Common Pleas for assault and aggravated burglary. We affirm the convictions.
 {¶ 2} Appellant and his girlfriend, Stacey Flores, lived together with their child in an apartment in the city of Hamilton. Appellant and Flores were having difficulties in their relationship so Flores moved out of the apartment. Shortly thereafter, Flores moved back into the apartment and, in April 2002, appellant moved out of the apartment.
 {¶ 3} On April 12, 2002, appellant returned to the apartment to retrieve some of his belongings. Flores and the child were not present when appellant entered the apartment. However, while appellant was there, Flores returned to the apartment with her new boyfriend, James Kuhn. Appellant testified that he went out onto the balcony while Flores and Kuhn were entering the apartment. When he observed Flores and Kuhn "becoming affectionate," appellant came into the apartment through the sliding glass door and confronted them.
 {¶ 4} An altercation between appellant and Kuhn ensued. Flores attempted to call 9-1-1 but appellant pulled the phone cord out of the wall. Flores then took her cell phone into the hallway and attempted to call 9-1-1. Flores could hear the "thumping" sounds of appellant and Kuhn fighting. When she returned from the hallway, she saw appellant and Kuhn on the balcony, and Kuhn was going over the balcony railing headfirst.
 {¶ 5} Appellant admitted that he was angry when he came in from the balcony, and that he started the fight. However, appellant maintains that Kuhn fell over the balcony. Kuhn has no recollection of the incident as a result of the injuries he sustained from the fall. Kuhn was diagnosed at Ft. Hamilton Hospital with a fractured skull and a traumatic brain injury. Kuhn also suffered a loss of hearing in his right ear, short-term memory loss, and a loss of balance.
 {¶ 6} On January 16, 2003, appellant was indicted for aggravated burglary and for felonious assault. He was tried by a jury on February 21, 2003. Appellant was found guilty as charged for the aggravated burglary, however, the jury deadlocked as to the felonious assault charge. Appellant entered a guilty plea on March 19, 2003 to assault, a lesser-included offense of the felonious assault charge. On April 18, 2003, the trial court sentenced appellant to serve an aggregate term of seven years incarceration and ordered him to pay $21,058.89 in restitution. Appellant appeals the convictions raising four assignments of error, which will be addressed out of sequence.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The Trial Court erred when it entered a judgment of conviction in the absence of sufficient evidence to establish all of the elements of the offense of aggravated burglary, and Mr. Hinojosa's conviction is against the weight of the evidence."
 {¶ 9} Appellant argues that "there is insufficient evidence to prove the element of trespass in an aggravated burglary prosecution, when the defendant had been living in the residence with his former girlfriend, had signed the rental agreement, had paid the rent and utility bills, had returned to the residence to obtain his belongings, which remained in the residence, without incident, and had not been told he was not permitted to be in the residence, notwithstanding his consent to allowing his girlfriend and their children to live in the residence." Appellant also argues that his "conviction for aggravated burglary was against the weight of the evidence."
 {¶ 10} While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v.Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52. When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 11} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Therefore, a reviewing court will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v.Eskridge (1988), 38 Ohio St.3d 56, 59.
 {¶ 12} Because sufficiency is required to take a case to the jury, "a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, *2.
 {¶ 13} Appellant was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1), which states, "no person, by force, stealth, or deception shall trespass in an occupied portion of an occupied structure, when another person * * * is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply: (1) The offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 14} Appellant maintains that the element of trespass has not been proven because he lived in the residence with his former girlfriend, he signed the rental agreement, and he paid the rent and utility bills. Appellant maintains that he had not been told he was not permitted to be in the residence and he returned to the residence to obtain his belongings, not with purpose to commit a criminal offense in the structure.
 {¶ 15} Even though appellant signed the rental agreement, paid the rent for the apartment, and paid the utility bills, he can be convicted for trespass and burglary in the dwelling because trespass is not based on legal title, but rather, it is based on custody or control of the dwelling. See State v.Lilly, 87 Ohio St.3d 97, 102, 1999-Ohio-251. In the absence of an order granting one party exclusive possession of the residence, "the question of whether one [party] has the sole possessory interest in the house depends on whether the evidence shows that both parties had made the decision to live in separate places. Both parties must have understood that the possessory interest of one was being relinquished, even if it was relinquished begrudgingly or reluctantly. In the absence of such a showing there can be no finding of trespass and, hence, no aggravated burglary." State v. O'Neal (1995),103 Ohio App.3d 151, 155.
 {¶ 16} Flores testified that she and appellant decided to end their relationship. She moved out of the apartment and lived with a friend. However, appellant and Flores then decided that she would remain in the apartment with their child and appellant would move out. Furthermore, appellant admitted that he "moved out" of the apartment, which is what required him to return to the apartment in order to retrieve his belongings. As such, appellant relinquished the apartment to Flores and the apartment was under her control or custody. Id.
 {¶ 17} There was sufficient evidence submitted at trial for the jury to find that, at the time appellant entered the apartment and injured Kuhn, Flores was in sole custody and control over the apartment. An appeals court "will not second-guess the jury's finding." State v. Garner,74 Ohio St.3d 49, 60, 1995-Ohio-168.
 {¶ 18} After reviewing the record, weighing the evidence and all reasonable inferences, considering the credibility of witnesses, and in resolving conflicts in the evidence, we cannot determine that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. The convictions are supported by the weight of the evidence. A determination that the convictions are supported by the weight of the evidence is also dispositive of the issue of sufficiency. Consequently, the first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "The Prosecutor's improper comments during closing argument constituted plain error, Crim.R. 52(b) and deprived Mr. Hinojosa of his right to a fair trial, as guaranteed by the fifth
and fourteenth amendments to the United States Constitution, and Section 16, Article I, Ohio Constitution."
 {¶ 21} Appellant argues that "[i]t is improper for the prosecutor to make disparaging remarks regarding defense counsel, and when the State's evidence of guilt is not strong, those remarks are prejudicial."
 {¶ 22} At the end of closing arguments, the prosecutor referred to the defense theory as "muddying the waters," and encouraged the jury not to fall for the "lawyer tricks" of playing "fast and furious" with the evidence. However, appellant's counsel failed to object to the prosecutor's comments.
 {¶ 23} A prosecutor is entitled to a certain degree of latitude in closing arguments. State v. Liberatore (1982),69 Ohio St.2d 583, 589. Thus, it falls within the sound discretion of the trial court to determine the propriety of these arguments.State v. Maurer (1984), 15 Ohio St.3d 239, 269. A conviction will be reversed only where it is clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would not have found the defendant guilty. State v. Benge, 75 Ohio St.3d 136,141, 1996-Ohio-227.
 {¶ 24} While we do not condone the prosecutor's comments, and advise against such conduct in the future, we believe that in this particular case and limited to these specific facts, the jury would have nonetheless convicted appellant absent the prosecutor's comment. Accordingly, appellant's second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "The Trial court erred in ordering Mr. Hinojosa to pay restitution for damages resulting from an offense for which Mr. Hinojosa was not convicted, when Mr. Hinojosa was indigent, in contravention of the fifth and fourteenth amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution."
 {¶ 27} Appellant argues that an "indigent criminal defendant cannot be required to pay restitution for an offense for which he was not convicted." Appellant maintains that since he was convicted of assault and not aggravated assault, he "cannot be required to pay restitution for medical expenses when convicted of a misdemeanor." Furthermore, appellant asserts that an "indigent criminal defendant is entitled to an ability-to-pay hearing when the court enters an order imposing restitution."
 {¶ 28} R.C. 2929.21(E) provides that a person found guilty of a misdemeanor may be required to make "restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any * * * offense * * * that the person committed."
 {¶ 29} In the instant case, appellant plead guilty to misdemeanor assault. In its judgment of conviction entry, the trial court ordered appellant to make restitution in the amount of $21,058.89. However, appellant argues that the trial court, when imposing sentence for a misdemeanor offense, may not impose an order of restitution for nonproperty related damage, such as medical bills or funeral expenses. See State v. Swan (1988),51 Ohio App.3d 141, 142.
 {¶ 30} However, appellant was also convicted of aggravated burglary wherein he inflicted physical harm on another pursuant to R.C. 2911.11(A)(1), a felony of the first degree. R.C.2929.18(A)(1) permits a trial court to order a convicted felon to make restitution to the victims of his crime "in an amount based on the victim's economic loss." Economic loss is defined by R.C.2929.01(M) as, "any economic detriment suffered by a victim as a result of the commission of a felony and includes * * * medical cost * * * incurred as a result of the commission of the felony." Thus, restitution for the medical expenses Kuhn incurred as a result of appellant's commission of the aggravated burglary is authorized by R.C. 2929.18(A)(1).
 {¶ 31} Furthermore, a finding that appellant is indigent for the purpose of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction. State v.Dunaway, Butler App. No. CA2001-12-280, 2003-Ohio-1062, at ¶ 36. Additionally, a trial court does not need to conduct a hearing to meet the statutory requirement that it "consider" the offender's ability to pay. See State v. Southerland, Butler App. No. CA2001-06-153, 2002-Ohio-1911. The trial court stated that it considered appellant's PSI, which contained appellant's financial and employment history, in determining his present and future ability to pay the restitution. Therefore, the assignment of error is overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "Mr. Hinojosa was deprived of his right to the effective assistance of trial counsel, in contravention of theSixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution."
 {¶ 34} Appellant argues that "trial counsel renders constitutionally ineffective assistance in a criminal case, when he fails to properly present a meritorious speedy trial issue; when he fails to object to the prosecutor's improper comments during closing argument; and when he fails to object to the trial court's imposition of restitution on an indigent defendant."
 {¶ 35} To establish a claim of ineffective assistance of counsel, appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. Strickland v.Washington (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different. State v.Bradley (1989), 42 Ohio St.3d 136, 143. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. Id. at 142.
 {¶ 36} Appellant maintains that "his right to a speedy trial was not properly waived." Appellant was arrested on June 1, 2002. Appellant signed written waivers of all statutory time requirements on June 12, 2002 and June 19, 2002. The June 19, 2002 waiver was signed by appellant and by appellant's attorney. On June 27, 2002, appellant's charges were dismissed by nolle prosequi.
 {¶ 37} On November 26, 2002, appellant was then re-arrested on re-filed charges. On November 27, 2002, appellant signed a third written waiver of all statutory time requirements. However, appellant argues that the November 27, 2002 waiver "was signed without advice from either counsel or from the court regarding speedy trial rights and waiver." Therefore, appellant argues that his trial counsel was ineffective for failing to "properly present a meritorious speedy trial issue."
 {¶ 38} An accused or his counsel may validly waive the speedy trial provisions in R.C. 2945.71. State v. McBreen (1978),54 Ohio St.2d 315, 318. However, the speedy trial statute, R.C.2945.71 to R.C. 2945.73, does not require the consultation or the opportunity to consult with an attorney prior to waiving the right to a speedy trial. A waiver of the right to a speedy trial must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. State v. Adams (1989), 43 Ohio St.3d 67, 69, quoting Brady v. United States (1970), 397 U.S. 742, 748,90 S.Ct. 1463.
 {¶ 39} Appellant waived the right to a speedy trial three times. The second time was with his attorney present as indicated by his attorney's signature on the waiver. Thus appellant was informed by his attorney on June 19, 2002 of the relevant circumstances and likely consequences of the speedy trial waiver. The charges re-filed on November 26, 2002 were the same as the previous charges when appellant first waived his rights on June 12, 2002 and June 19, 2002. Therefore, appellant had sufficient awareness of the relevant circumstances and likely consequences of the waiver when he signed it on November 27, 2002.
 {¶ 40} A trial court "may reasonably rely upon the written waiver of speedy trial as filed within the case." State v.O'Brien (1987), 34 Ohio St.3d 7, 10. A signed, written waiver is strong proof that the waiver is voluntary. North Carolina v.Butler (1979), 441 U.S. 369, 373, 99 S.Ct. 1755. Appellant's counsel was not ineffective for "failing to properly present a meritorious speedy trial issue" because appellant had sufficient awareness of the relevant circumstances and likely consequences of the waiver, and knowingly and intelligently waived his right to a speedy trial. Furthermore, counsel cannot be found to have been ineffective for failing to make a speedy trial dismissal motion that had no chance of success. State v. McDaniel (July 13, 1994), Miami App. No. 93-CA-38, * 4.
 {¶ 41} Appellant also alleges that his trial counsel was ineffective for failing to "object to the prosecutor's improper comments during closing argument" and for failing to "object to the trial court's imposition of restitution on an indigent defendant."
 {¶ 42} Assuming, arguendo, that trial counsel's failure to object constitutes deficient performance, appellant still must demonstrate that counsel's failure to object prejudiced his defense. To show ineffective assistance of counsel, defendant must make a twofold showing of deficient performance with respect to errors so serious as to render the result of the trial unreliable or fundamentally unfair. Strickland,466 U.S. at 687. Appellant has not shown that counsel's failure to object to the prosecutor's comments or to the trial court's imposition of restitution prejudiced him. Therefore, appellant's counsel was not ineffective for choosing not to object to the prosecutor's comments during closing argument or the trial court's imposition of restitution. State v. Brown, Warren App. No. CA2002-03-026, 2002-Ohio-5455, at ¶ 23. Consequently, the third assignment of error is overruled.
 {¶ 43} Judgment affirmed.
Powell and Valen, JJ., concur.