OPINION
{¶ 1} Defendant-appellant, Ruben Hinojosa, appeals the decision of the Butler County Court of Common Pleas denying his petition for postconviction relief. We affirm the trial court's decision.
 {¶ 2} In February 2003, appellant was convicted of aggravated burglary and assault and sentenced accordingly. This court affirmed his convictions on appeal. See State v. Hinojosa, Butler App. No. CA2003-05-104, 2004-Ohio-1192.
 {¶ 3} In December 2003, appellant filed a petition for postconviction relief. The petition alleged that appellant's constitutional right to a speedy trial had been violated, and that his trial counsel was ineffective for failing to adequately argue the speedy trial issue. The trial court concluded that appellant's claims were barred by res judicata because they had been raised in his direct appeal, and that the additional evidence submitted by appellant in support of his petition was only marginally significant. The trial court consequently denied the petition without conducting an evidentiary hearing. Appellant appeals the denial of his petition for postconviction relief, raising two assignments of error:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred when it dismissed [appellant]'s state post-conviction petition without first conducting an evidentiary hearing, because [appellant] demonstrated substantive grounds for relief, i.e., that he was deprived of his rights to a speedy trial and the effective assistance of trial counsel[.]"
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "Trial counsel rendered ineffective assistance of counsel when he failed to fully document and present a meritorious speedy trial claim. * * *."
 {¶ 8} Because appellant's assignments of error raise the same issues, we will consider them together. In the assignments of error, appellant argues that he was entitled to an evidentiary hearing on his petition because his claims of ineffective assistance of counsel and speedy trial violations were supported by material evidence outside the record. He thus concludes that the trial court erred in finding that the claims raised in the petition were barred by res judicata.
 {¶ 9} A criminal defendant who seeks to challenge his conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. State v. Calhoun, 86 Ohio St.3d 279,282, 1999-Ohio-102. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Id. at paragraph two of the syllabus. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. See id. at 284 (stating that the postconviction relief statute "clearly calls for discretion in determining whether to grant a hearing").
 {¶ 10} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."State v. Szefcyk, 77 Ohio St.3d 93, 96, 1996-Ohio-337, quoting State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. However, the presentation of competent, relevant, and material evidence outside the record may preclude the application of res judicata. Statev. Lawson (1995), 103 Ohio App.3d 307, 315, citing State v. Smith
(1985), 17 Ohio St.3d 98, 101, fn. 1. The evidence presented outside the record "must meet some threshold standard of cogency; otherwise it would be too easy to defeat the res judicata doctrine by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis[.]" Lawson at 315, citing State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811.
 {¶ 11} On direct appeal of his conviction, appellant argued both that his right to a speedy trial was violated, and that his trial counsel was ineffective for failing to adequately argue the speedy trial issue before the trial court. In affirming appellant's conviction, this court rejected both of appellant's claims. This court found that appellant had "knowingly and intelligently waived his right to a speedy trial," and that appellant's trial counsel was not ineffective for failing to properly present the speedy trial issue because there "was no chance of success." Hinojosa, 2004-Ohio-1192 at ¶ 40.
 {¶ 12} In his petition for postconviction relief appellant raised these identical issues, and offered as additional evidence outside the record, the transcript of a June 12, 2002 Hamilton Municipal Court hearing. Appellant was initially arrested in Columbus, Ohio, and transported to Butler County on June 11, 2002. He appeared before the Hamilton Municipal Court on June 12, 2002. At that hearing he waived his speedy trial rights without the advice of counsel. The record is silent as to whether the trial court explained to appellant the rights he was relinquishing by signing the waiver.
 {¶ 13} This additional evidence is only marginally, if at all, relevant to support appellant's claim that he did not knowingly or intelligently waive his speedy trial rights. As noted in our resolution of appellant's direct appeal, "[a]ppellant waived the right to a speedy trial three times." Id. at ¶ 39. His attorney was present on at least one occasion, and "appellant had sufficient awareness of the relevant circumstances and likely consequences of the waiver[.]" Id. The fact that appellant's first speedy trial waiver may not have been knowingly made does not refute the fact that he later waived his speedy trial rights with the advice of counsel.
 {¶ 14} The issues raised by appellant's petition for postconviction relief are barred by res judicata, and consequently, the trial court did not err by dismissing the petition without holding an evidentiary hearing. Appellant's first and second assignments of error are overruled.
 {¶ 15} Judgment affirmed.
Powell, P.J., and Hendrickson, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.