OPINION
{¶ 1} Appellant Kevin Losey appeals his conviction for domestic violence in the County Court, Tuscarawas County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 21, 2004, Uhrichsville police officers responded to a domestic call at the West Second Street residence of appellant and his live-in girlfriend, Tonya Devore. Upon arrival, the officers observed Tonya with a bloody nose and a red mark above her left eye. Tonya told one of the officers that appellant, who appeared intoxicated, "had just beat her up and threatened to kill her." Tr. at 22. The incident was overheard by Tonya's teenage niece, who testified at the subsequent trial.
 {¶ 3} Appellant was arrested and charged with domestic violence, R.C. 2919.25(A). The matter proceeded to a bench trial on December 28, 2004. Tonya, during her testimony, downplayed some of her original allegations, but told the court that appellant had shoved her and then held her down on the bed during the events in question after she had kicked him in the chest. Tr. at 5, 8. As further analyzed infra, appellant took the stand in his own defense and testified, inter alia, to physically "restraining" Tonya to make her keep quiet.
 {¶ 4} The court found appellant guilty of domestic violence. On March 1, 2005, appellant was sentenced to thirty days in jail, with all days suspended subject to community control sanctions. On March 30, 2005, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:
 {¶ 5} "I. THE DEFENSE PROVED BY A PREPONDERANCE OF THE EVIDENCE THE AFFIRMATIVE DEFENSE OF SELF-DEFENSE.
 {¶ 6} "II. THE STATE DID NOT SHOW BY ANY EVIDENCE THAT THE ELEMENT OF LIVING AS A SPOUSE WAS PROVEN.
 {¶ 7} "III. THE ACCUSED COULD NOT BE CONVICTED OF DOMESTIC VIOLENCE DUE TO THE PASSAGE OF THE DEFENSE OF MARRIAGE AMENDMENT TO THE OHIO CONSTITUTION."
 I. {¶ 8} In his First Assignment of Error, appellant argues the trial court erred in rejecting his claim of self-defense. We disagree.
 {¶ 9} Self defense is a "confession and avoidance" affirmative defense in which the defendant admits the elements of the crime but seeks to prove some additional element which absolves the defendant of guilt. State v. White (Jan. 14, 1998), Ross App. No. 97 CA 2282. The affirmative defense of self-defense places the burden of proof on a defendant by a preponderance of the evidence. In re Collier (Aug. 30, 2001), Richland App. No. 01 CA 5, citing State v. Caldwell (1992),79 Ohio App.3d 667. To establish self-defense, the following elements must be shown: (1) the defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the defendant must not have violated any duty to retreat or avoid the danger. State v. Robbins (1979), 58 Ohio St.2d 74,388 N.E.2d 755, paragraph two of the syllabus.
 {¶ 10} During the trial in the case sub judice, Tonya, the victim, testified that she and appellant had been arguing on the evening of October 21, 2004, and that appellant was getting upset because she "wouldn't leave him alone" despite his need to get up very early the next morning. Tr. at 5. Tonya recalled that she left the bedroom by slamming the door "real hard," at which time appellant followed her outside the bedroom and shoved her. Id. Tonya began approaching him, at which point appellant shoved her again, causing her to fall onto the bed, resulting in her kicking him in the chest. Id. Appellant then held her down on the bed, covering her face with at least one of his hands. Tr. at 6. Appellant told her "that he could kill me if I would not leave him alone." Tr. at 15. Tonya conceded that her nose was bleeding when help arrived. Tr. at 7.
 {¶ 11} During his defense testimony, appellant stated he had pulled the door open after Tonya slammed it, and that he then shoved her. He continued:
 {¶ 12} "I went back in the bedroom. At that time, she came in, pushed the door open again, I shoved it back in her face, I said leave me the fuck alone. The door flung open again. At that time, she marched towards me and here's the bed, here's the door, she marched towards me, she hit the side of the wall like that, she shoved me. I just pull her like this and threw her on the bed, I said fucking quit it and I went like that and she kicked me in the chest against the dresser. At that time, I jumped on her. Now they're saying I didn't restrain her arms, her legs, or nothing like that. I don't know if you guys, either one of them, have ever wrestled or anybody in this courtroom has wrestled, what I did was I took this arm, she had her arm like this, I grabbed her arm like that, I had her on the bed like this and I put my hand on her mouth, some common wrestling move. I also locked my legs around her legs so she couldn't move." Tr. at 28-29.
 {¶ 13} Appellant also admitted to "apparently" bloodying Tonya's nose. Tr. at 31.
 {¶ 14} Upon review of the record, we conclude the trial court would not have erred under these facts and circumstances in finding that appellant failed to show (1) he was not at fault in creating the situation via his initial "shoving" acts and (2) he believed he was in imminent danger of death or great bodily harm from Tonya. Robbins, supra. We are therefore not inclined to reverse the trial court's rejection of the affirmative defense of self-defense. Appellant's First Assignment of Error is overruled.
 II. {¶ 15} In his Second Assignment of Error, appellant contends the trial court erred by convicting him of domestic violence, where the element of "living as a spouse" was allegedly not proven. We disagree.
 {¶ 16} Under R.C. 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." A family or household member includes a "person living as a spouse" who has resided or is residing with the offender. R.C. 2919.25(F)(1)(a)(i). Pursuant to R.C. 2919.25(F)(2), a "`[p]erson living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." In the case sub judice, Tonya testified as follows regarding this issue:
 {¶ 17} "Q. How long has [appellant] resided there?
 {¶ 18} "A. We moved in in August together.
 {¶ 19} "Q. August of —
 {¶ 20} "A. This year.
 {¶ 21} "Q. 2004?
 {¶ 22} "A. This year.
 {¶ 23} "Q. Okay. So you've been living together for a couple of months?
 {¶ 24} "A. At this residence, yeah, but we've been together a year and-a-half.
 {¶ 25} "Q. Okay. You've been living together a year and-a-half?
 {¶ 26} "A. Yes." Tr. at 4.
 {¶ 27} We find this testimony is sufficient to establish that Tonya was a family or household member in regard to appellant for purposes of the domestic violence statute. Cf. State v.Williams, Stark App. No. 2002CA00428, 2003-Ohio-6143.
 {¶ 28} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 29} In his Third Assignment of Error, appellant maintains trial court erred in convicting him of domestic violence against Tonya, to whom he has never been married, following the Defense of Marriage Amendment to the Ohio Constitution. We disagree.
 {¶ 30} The Defense of Marriage Amendment, which was adopted by the voters of Ohio on November 2, 2004, is found in Section11, Article XV of the Ohio Constitution. It reads as follows:
 {¶ 31} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage."
 {¶ 32} This Court rejected an argument analogous to appellant's present contention in State v. Newell, Stark App. No. 2004CA00264, 2005-Ohio-2848, ¶ 43 ¶ 46. Appellant herein fails to persuade us alter our holding in Newell. Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the County Court of Tuscarawas County, Ohio, is hereby affirmed.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.