OPINION
{¶ 1} Defendant-appellant Freddie Edwards appeals his conviction and sentence from the Canton Municipal Court on one count of domestic violence, in violation of R.C. § 2919.25.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On April 29, 2005, following an argument with his live-in girlfriend, Appellant was arrested and charged on one count of domestic violence in violation of R.C. § 2919.25(A), a first degree misdemeanor.
 {¶ 4} At his arraignment on May 2, 2005, appellant entered a plea of not guilty to the charge.
 {¶ 5} A pre-trial conference was held on May 4, 2005, wherein Appellant moved to dismiss the complaint, arguing that the victim was not a household member pursuant to R.C. § 2919.15 because they were not married to each other and/or did not have any children together. The trial court denied said motion.
 {¶ 6} On May 4, 2005, Appellant entered a plea of no contest to the charge and was found guilty on one count of domestic violence. The trial court ordered Appellant to serve 180 days in the Stark County Jail, suspended all but six of those 180 days, ordered him to pay court costs, and ordered him to comply with the Melymbrosia Program.
 {¶ 7} Appellant now raises the following assignment of error on appeal:
 ASSIGNMENT OF ERROR {¶ 8} "I. THE TRIAL COURT ERRED IN FINDING THE DEFENDANT TO BE A "HOUSEHOLD MEMBER" AS DEFINED IN THE DOMESTIC VIOLENCE STATUTE."
 I {¶ 9} Appellant, in his sole assignment of error, contends that the trial court erred in finding Appellant guilty of domestic violence in violation of R.C. § 2919.25 arguing that the recent amendment to the Ohio Constitution by this State's voters prohibits the spousal protection of unmarried couples. Appellant specifically contends that this Amendment prevents the State of Ohio from recognizing any legal relationships between unmarried individuals, that R.C. § 2919.25 recognizes such a relationship, and that, therefore, his conviction for domestic violence must be vacated. We disagree.
 {¶ 10} The Defense of Marriage Amendment, which was adopted by the voters of Ohio on November 2, 2004, and is codified in Section 11, Article XV of the Ohio Constitution, became legally effective 30 days after its adoption. Section 1b, Article II, Ohio Constitution. Section 11, Article XV provides:
 {¶ 11} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shallnot create or recognize a legal status for relationships ofunmarried individuals that intends to approximate the design,qualities, significance or effect of marriage." (Emphasis added).
 {¶ 12} As is stated above, appellant was convicted of domestic violence in violation of R.C. § 2919.25. Revised Code §2919.25 states, in relevant part, as follows:
 {¶ 13} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 14} "(B) No person shall recklessly cause serious physical harm to a family or household member.
 {¶ 15} "(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.
 {¶ 16} "(D)(1) Whoever violates this section is guilty of domestic violence." is a misdemeanor of the second degree."
 {¶ 17} In turn, R.C. § 2919.25 states as follows: "(F) As used in this section and sections 2919.251 and 2919.26 of the Revised Code:
 {¶ 18} "(1) "Family or household member" means any of the following:
 {¶ 19} "(a) Any of the following who is residing or has resided with the offender:
 {¶ 20} "(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 {¶ 21} "(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 {¶ 22} "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.
 {¶ 23} "(b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent.
 {¶ 24} "(2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question."
 {¶ 25} Appellant maintains that his conviction for domestic violence must be vacated because R.C. § 2919.25, the domestic violence statute, recognizes a legal status or relationship between unmarried parties that is similar to marriage and thus violates the second sentence of Defense of Marriage Amendment. We disagree.
 {¶ 26} As previously stated by this Court in State v.Newell, Stark App. No. 2004CA264, 2005-Ohio-2848, we find that "the intent of the Defense of Marriage Amendment was to prohibit same sex marriage. The Defense of Marriage Amendment was specifically adopted in response to the decision of the Massachusetts' Supreme Court in Goodridge v. Department ofPublic Health (2003), 440 Mass. 309, 798 N.E.2d 941 that the Massachusetts' law limiting the protections, benefits and obligations of civil marriage to individuals of opposite sexes lacked a rational basis and violated state constitutional equal protection principles. We agree with appellee that the Defense of Marriage Amendment has no application to criminal statutes in general or the domestic violence statute in particular. As noted by appellee, "[c]riminal statutes do not create rights; they prohibited (sic) certain conduct, it [2919.25] does not define marriage."
 {¶ 27} "Furthermore, as recently noted by the court in Statev. Rodgers, Franklin C.P. Case 05CR-269, 2005-Ohio-1730: "Ohio's domestic-violence laws have existed since 1979. Ohio courts have consistently construed these laws broadly to protect unmarried individuals — gay or straight. . . . The proponents of the Marriage Amendment were undoubtedly aware of Ohio's broad statutory protections against domestic violence but did not suggest that their amendment would interfere with such legal protections.
 {¶ 28} "In construing amendments, Ohio courts presume the body enacting the amendment is aware of existing constitutional and statutory provisions and their judicial construction. Stateex rel. Bd. of Cty. Commrs. v. Zupancic (1991),62 Ohio St.3d 297, 303, 581 N.E.2d 1086. Therefore, had the proponents intended to alter Ohio's domestic-violence law, they would have drafted the Marriage Amendment accordingly. It was readily apparent by 2004 that Ohio's domestic-violence law referred to, but did do not create, a legal status that approximates marriage." Id. at paragraphs 29-30."
 {¶ 29} Based on the foregoing, we find that appellant's conviction for domestic violence was not unconstitutional.
 {¶ 30} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 31} Accordingly, the judgment of the Canton Municipal Court is affirmed.
Boggins, P.J. Hoffman, .J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs assessed to appellant.