The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown*, 166 Ohio App.3d 32, 2006-Ohio-1181.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2005CA00074.

Decided March 13, 2006.

Kathleen O. Tatarsky, for appellee.

Angela D. Stone, for appellant.

---

HOFFMAN, Judge.

{¶ 1} Defendant-appellant, Ray Charles Brown, appeals his conviction, entered by the Stark County Court of Common Pleas, on one count of domestic violence, in violation of R.C. 2919.25(A). Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶ 2} On December 27, 2004, the Stark County grand jury indicted appellant. Because appellant had been convicted on two previous occasions of domestic violence, the offense was enhanced to a third-degree felony. Appellant entered a plea of not guilty to the charge at his arraignment. Appellant filed a pretrial motion challenging the enhancement of the charge to a third-degree felony, as well as a motion to dismiss challenging the constitutionality of the domestic violence statute in light of the Ohio Defense of Marriage Act. The trial court overruled the motion to dismiss prior to the commencement of trial. At trial, the motion challenging the enhancement was resolved when the clerk of the Alliance Municipal Court produced certified court records of two previous domestic-violence convictions in which he was counseled.

{¶ 3} The following evidence was adduced at trial. Canton Police Officer Lamar Sharpe testified that he was working the midnight shift on November 22, 2004, when he was dispatched to the 1000 block of 11th Street, N.W., in Canton, Ohio, at approximately 11:20 p.m. When he and his partner, Officer Robert Redleski, arrived at the scene, they observed a black male and a black female "pretty much standing in each other's face," arguing. The black male started to walk away from the female when he observed the officers. Although the officers instructed the male, who was subsequently identified as appellant, to stop and come back, appellant took off on foot. Officer Sharpe gave chase and appre-hended appellant on 10th Street. Officer Sharpe detained appellant and placed him in the cruiser. As Officer Sharpe was handcuffing appellant, appellant stated, "I didn't do it."

{¶ 4} Officer Redleski testified that he stayed at the scene momentarily while Officer Sharpe chased appellant. After Officer Redleski instructed the female, who was bleeding from the forehead, to sit down, Officer Redleski followed Officer Sharpe. The female, who was subsequently identified as Cheryl Sim-mons, proceeded to the area where the officers had apprehended appellant. Officer Redleski recalled that she was upset and mad, and he repeated that she

was bleeding from the forehead. Simmons signed a Canton Police Department incident report as well as a domestic-violence report. Another officer arrived at the scene to take photographs of Simmons. Although Simmons was offered medical treatment, she refused.

{¶ 5} Cheryl Simmons testified that she and appellant started dating in August, 2003. The couple had resided at the 1000 11th Street, N.W., address for approximately a year and a half. Simmons described appellant as her "live-in-boyfriend," with whom she had been intimate. Simmons recalled that she began an argument with appellant on the evening of November 22, 2004, because she believed that appellant was cheating on her. Simmons initially denied sustaining any injuries. After the trial court declared her a hostile witness and admonished her to tell the truth, Simmons admitted that she had told police officers that appellant had bitten her on the forehead. Simmons identified photographs of herself taken by the police, and she stated that the photographs accurately depicted her appearance on the evening of November 22, 2004.

{¶ 6} On redirect, Simmons stated that she did not know what had actually happened on the evening of November 22, 2004, because she was drunk and upset. She stated, "I did all of this out of spite and I was very angry at [appellant]. And I said this had gone too far as what I told you [the prosecutor] yesterday."

{¶ 7} After hearing all the evidence and deliberations, the jury found appellant guilty as charged. The trial court immediately imposed a two-year term of imprisonment upon appellant.

{¶ 8} It is from this conviction that appellant appeals, raising the following assignments of error:

{¶ 9} "I. The appellant's conviction was against the sufficiency and manifest weight of the evidence.

{¶ 10} "II. The trial court erred in denying appellant's motion to dismiss."

I

{¶ 11} In his first assignment of error, appellant raises claims of insufficiency of the evidence and of manifest weight of the evidence.

{¶ 12} In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a

reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.

{¶ 13} On review for manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

{¶ 14} Appellant was convicted of domestic violence, in violation of R.C. 2919.25. R.C. 2919.25 provides: "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member. * * * (D)(1) Whoever violates this section is guilty of domestic violence. * * * (4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence * * *, a violation of division (A) or (B) of this section is a felony of the third degree, and a violation of division (C) of this section is a misdemeanor of the first degree."

{¶ 15} Appellant submits that because Cheryl Simmons, the only one of the two people involved who knew what happened that evening, testified that she did not know how she had obtained her injuries and stated that she had lied to the police, the evidence was insufficient and his conviction was against the manifest weight of the evidence.

{¶ 16} The trial court declared Simmons a hostile witness and admonished her to tell the truth after the state challenged the inconsistencies of her trial testimony with statements that she had made to the police on the evening of November 22, 2004, and subsequent statements to the prosecutor. Simmons testified that she was drunk that evening and may have fallen, but did not know how she had incurred her injuries. Although Simmons told police officers at the scene that appellant had bitten her in the forehead, at trial she noted that appellant's lack of teeth would make him unable to cause such injuries.

{¶ 17} Officers Sharpe and Redleski testified that Simmons had told them that appellant had bitten her on the forehead during an argument. On the evening of the incident, Simmons signed an incident report as well as a domestic-violence form. The police took photographs of Simmons. At trial, Simmons testified that the photographs accurately depicted her physical injuries on that evening. The officers testified that Simmons did not appear drunk at the scene.

{¶ 18} The jury was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. It is clear that the jury chose to believe Simmons's version of the incident as given to the police on the night it occurred rather than her lack of memory on the day of trial. We find that there was sufficient, competent evidence to support appellant's conviction and that it was not against the manifest weight of the evidence.

{¶ 19} Appellant's first assignment of error is overruled.

## II

{¶ 20} In his second assignment of error, appellant submits that the trial court erred in denying his motion to dismiss because the domestic-violence statute violates the Defense of Marriage Amendment of the Ohio Constitution, and therefore is unconstitutional.

{¶ 21} In *State v. Newell*, Stark App. No. 2004CA00264, 2005-Ohio-2848, 2005 WL 1364937, this court found that "the intent of the Defense of Marriage Amendment was to prohibit same sex marriage. The Defense of Marriage Amendment was specifically adopted in response to the decision of the Massachusetts' Supreme Court in *Goodridge v. Department of Public Health* (2003), 440 Mass. 309, 798 N.E.2d 941 that the Massachusetts' law limiting the protections, benefits and obligations of civil marriage to individuals of opposite sexes lacked a rational basis and violated state constitutional equal protection principles. We agree with appellee that the Defense of Marriage Amendment has no application to criminal statutes in general or the domestic violence statute in particular." See, also, *State v. Edwards*, Stark App. No. 2005CA00129, 2005-Ohio-7064, 2005 WL 3642716; *Uhrichsville v. Losey*, Tuscarawas App. No. 2005 AP 03 0028, 2005-Ohio-6564, 2005 WL 3361100.

{¶ 22} For the reasons set forth in *Newell*, we find that the trial court did not err in overruling appellant's motion to dismiss.

{¶ 23} Appellant's second assignment of error is overruled.

{¶ 24} The judgment of the Stark County Court of Common Pleas is affirmed.

Judgment affirmed.

GWIN, P.J., and FARMER, J., concur.