OPINION
{¶ 1} On August 19, 2005, the Stark County Grand Jury indicted appellant, Aaron Hampton, on one count of rape in violation of R.C. 2907.02 and one count of domestic violence in violation of R.C. 2919.25. Said charges arose from an incident involving appellant's girlfriend, Amber McCourt.
 {¶ 2} A jury trial commenced on October 3, 2005. The jury found appellant not guilty on the rape count, but guilty on the domestic violence count. By judgment entry filed October 17, 2005, the trial court sentenced appellant to four years in prison with the opportunity for judicial release after two years.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS BECAUSE COUNSEL FAILED TO CHALLENGE THE CONSTITUTIONALITY OF R.C. §2919.25, AND FAILED TO REQUEST JURY INSTRUCTION ON ASSAULT AS A LESSER INCLUDED OFFENSE OF DOMESTIC VIOLENCE."
 II {¶ 5} "THE TRIAL COURT ERRED WHEN IT REFUSED TO INSTRUCT THE JURY ON THE ISSUE OF SELF-DEFENSE."
 III {¶ 6} "THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT OF CONVICTION AGAINST APPELLANT ON THE CHARGE OF DOMESTIC VIOLENCE BECAUSE THE JURY'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 IV {¶ 7} "APPELLANT'S CONVICTION OF THE CHARGE OF DOMESTIC VIOLENCE PURSUANT TO R.C. § 2919.25 IS UNCONSTITUTIONAL BECAUSE AS APPLIED, IT RECOGNIZES A LEGAL STATUS FOR RELATIONSHIPS OF UNMARRIED INDIVIDUALS, THEREBY VIOLATING ARTICLE XV, SECTION 11
OF THE OHIO CONSTITUTION."
 I, IV {¶ 8} Appellant claims his trial counsel was ineffective for failing to challenge the constitutionality of R.C. 2919.25 and for failing to request a jury instruction on the lesser included offense of assault. Appellant also claims the domestic violence statute as applied sub judice is unconstitutional in light of the Defense of Marriage Amendment (hereinafter "DOMA"), Section 11, Article XV of the Ohio Constitution. We disagree.
 {¶ 9} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following:
 {¶ 10} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 11} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 12} Appellant claims defense counsel should have challenged the constitutionality of R.C. 2919.25, the domestic violence statute, as applied to unmarried individuals, because under the DOMA, the statute is unconstitutional. The DOMA states the following:
 {¶ 13} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage." See, Section 11, Article XV, Ohio Constitution.
 {¶ 14} We have rejected a challenge to R.C. 2919.25 via the DOMA in State v. Newell, Stark App. 2004CA00264,2005-Ohio-2848, ¶ 43-44:
 {¶ 15} "We concur with appellee that the intent of the Defense of Marriage Amendment was to prohibit same sex marriage. * * * We agree with appellee that the Defense of Marriage Amendment has no application to criminal statutes in general or the domestic violence statute in particular. As noted by appellee, `[c]riminal statutes do not create rights; they prohibited (sic) certain conduct, it [2919.25] does not define marriage.'
 {¶ 16} "Furthermore, as recently noted by the court in Statev. Rodgers, Franklin C.P. Case 05CR-269, 2005-Ohio-1730: `Ohio's domestic-violence laws have existed since 1979. Ohio courts have consistently construed these laws broadly to protect unmarried individuals — gay or straight. . . . . The proponents of the Marriage Amendment were undoubtedly aware of Ohio's broad statutory protections against domestic violence but did not suggest that their amendment would interfere with such legal protections." See also, State v. Brown, 166 Ohio App.3d 32,2006-Ohio-1181.
 {¶ 17} Upon review, we find R.C. 2919.25 as applied sub judice is not unconstitutional and defense counsel was not ineffective for failing to raise such an argument.
 {¶ 18} Appellant claims a jury instruction on assault as a lesser included offense would have been appropriate given the "on again off again" relationship between appellant and the victim vis-á-vis the relationship of "family or household member" under R.C. 2919.25. "Family or household member" is defined in R.C.2919.25(F) as follows:
 {¶ 19} "(1) `Family or household member' means any of the following:
 {¶ 20} "(a) Any of the following who is residing or has resided with the offender:
 {¶ 21} "(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 {¶ 22} "(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 {¶ 23} "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.
 {¶ 24} "(b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent.
 {¶ 25} "(2) `Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question."
 {¶ 26} We find sufficient evidence to establish that appellant and the victim fell within the definition of R.C.2919.25(F). The victim testified she first met appellant in 1997, they became boyfriend and girlfriend in September of 2002 and they lived together in her apartment from January 2004 to April 2005. T. at 117. The incident occurred on April 23-24, 2005. The victim testified they were living together on these two days. T. at 120.
 {¶ 27} Upon review, we find defense counsel was not ineffective for failing to request a jury instruction on the lesser included offense of assault.
 {¶ 28} Assignments of Error I and IV are denied.
 II {¶ 29} Appellant claims the trial court erred in not giving a jury instruction on deadly force/self-defense. We disagree.
 {¶ 30} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993),90 Ohio App.3d 338. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. State v. Coleman
(1988), 37 Ohio St.3d 286.
 {¶ 31} Although defense counsel orally requested the self-defense instruction, no written instructions were filed pursuant to Crim.R. 30. The trial court specifically found the evidence did not support a self-defense jury instruction. T. at 303.
 {¶ 32} Appellant testified that after an evening into the early morning hours of drinking alcohol and smoking "weed," the victim struck him in the head and the two became mutually combative. T. at 277-282, 285-286. After the fight, the couple lay in bed, talked and fell asleep. T. at 286-287. Basically, appellant denied doing anything but slapping the victim and restraining her arms.
 {¶ 33} The victim testified that during foreplay to sex, appellant jumped on her chest, pinned her down, smacked her across the face and choked her. T. at 122. Appellant continued slapping her, and drug her into the kitchen and threatened to slit her throat with a butcher knife. T. at 123. He shook the knife at her and called her a "lying bitch." Id. Appellant then forced the victim to perform fellatio and engage in anal and vaginal sex. T. at 124-125.
 {¶ 34} The victim had bruises to her arms, neck, left side of her face, lips, cheek, and eyes. T. at 128. She had a broken blood vessel in her left eye and her jaw was swollen. Id. The injuries and soreness lasted for one week. T. at 129. The photographs of the victim, State's Exhibits 2A, 2B and 2C, the testimony of the victim's mother who saw her after the incident, the observations of the investigating officer of the victim and the apartment and the observations of the triage nurse all substantiate that whatever altercation took place, it was not a mere slap-fest as described by appellant. T. at 196-197, 206-208, 221-226.
 {¶ 35} Save for appellant's own assertions that he was not the aggressor and the victim was not injured, there is no evidence, either direct or circumstantial, to establish self-defense or a need to resort to deadly force.
 {¶ 36} Assignment of Error II is denied.
 III {¶ 37} Appellant claims his conviction of domestic violence was of the manifest weight of the evidence. We disagree.
 {¶ 38} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 39} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A) which states, "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 40} Appellant argues the evidence does not support the element of cohabitation. As we noted in Assignment of Error I, the victim testified the two lived together as boyfriend/girlfriend from January 2004 to the time of the incident. Appellant testified the two had a relationship since 1997, and he acknowledged he kept clothes in the victim's apartment. T. at 275, 284. Appellant's vehicle was in the victim's name for "insurance purposes." T. at 284. Appellant admitted they "were together," but their respective families were incompatible: "That is one of the issues about not being together. Like my family accepts you, my family, your family don't accept me, how are we going to have like a big happy wedding, you know what I'm saying. It is not going to be normal." T. at 286-287.
 {¶ 41} Upon review, we find there was sufficient evidence of cohabitation in a boyfriend/girlfriend situation to meet the statutory burden, and no manifest miscarriage of justice.
 {¶ 42} Assignment of Error III is denied.
 {¶ 43} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.