OPINION
{¶ 1} Defendant-appellant, Gerald L. Glossip, Jr., appeals a decision of the Warren County Court of Common Pleas convicting him on charges of domestic violence and abduction. For the reasons outlined below, we affirm.
 {¶ 2} On the night of December 11, 2005, appellant and his live-in girlfriend, Ashley Voiles, got into an argument while sitting in appellant's car. According to Voiles, appellant struck her, pushed her face against the glass and the dashboard, and would not let her leave the car. Voiles feigned illness and fled to the home of her great-grandmother, Marjorie Tutt. *Page 2 
Crying and upset, Voiles told her great-grandmother what happened. Afterwards, Voiles phoned the police and provided a similar description of events to the police dispatcher. When Officer Brian Pacifico arrived at the house, Voiles relayed the incident to him. Voiles then accompanied Officer Pacifico to the police station and submitted to an interview with Detective Michael Back. The police also took photographs of Voiles' injuries.
 {¶ 3} Appellant was arrested and indicted on one count of domestic violence in violation of R.C. 2919.25(A), a third-degree felony, and one count of abduction in violation of R.C. 2905.02(A)(2), also a third-degree felony. Following a jury trial, appellant was convicted on both counts and sentenced accordingly. Appellant timely appealed, raising six assignments of error which we will address slightly out of order to facilitate analysis.
 {¶ 4} Assignment of Error No. 2:
 {¶ 5} "THE CONVICTION ENTERED AGAINST DEFENDANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} Appellant claims that his conviction is against the manifest weight of the evidence because the state failed to present credible evidence proving each element of the offenses. Instead, appellant argues, the state relied upon untenable hearsay statements from Voiles.
 {¶ 7} To determine whether a conviction is against the manifest weight of the evidence, an appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. When reviewing the evidence, an appellate court must be mindful that the weight to be given the *Page 3 
evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 8} Appellant was charged with domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Appellant was also charged with abduction in violation of R.C.2905.02(A)(2), which provides that "[n]o person, without privilege to do so, shall knowingly * * * [b]y force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear[.]"
 {¶ 9} Appellant insists that there was no credible evidence to support his conviction. However, a review of the record reveals that the jury did not lose its way when it found appellant guilty of domestic violence and abduction. Appellant discounts the statements made by Voiles to her great-grandmother and police following the incident because she recanted those statements at trial. But those statements reflected Voiles' obvious stress and excitement caused by the incident. There is a hearsay exception to admit these statements, deemed "excited utterances," into evidence. See Evid.R. 803(2). See, also, State v. Leide, Butler CA2005-08-363, 2006-Ohio-2716, ¶ 12-16.
 {¶ 10} Appellant did not contest the admissibility of Voiles' statements, but the reliability of this evidence. We note, however, that there is a certain credibility attributable to excited utterances because they are not based upon reflective thought. Cf. State v.Humphries (1992), 79 Ohio App.3d 589, 598. Fresh from the confrontation, looking disheveled, and exhibiting noticeable signs of stress and excitement, Voiles' statements to her great-grandmother, the police dispatcher, and Officer Pacifico were just such excited utterances. See id. Accordingly, these statements provided credible evidence to support appellant's conviction.
 {¶ 11} Testimony provided by other witnesses lends further support. Voiles' great- *Page 4 
grandmother testified that Voiles was holding her neck, crying, and visibly upset and disheveled as Voiles described the incident in detail. She also testified that she observed marks on Voiles' body believed to be inflicted by appellant. Officer Pacifico testified that Voiles was crying and holding an ice pack on the back of her neck when he arrived at the house, and that she remained very upset while telling him the same story she had told her great-grandmother. Officer Pacifico also testified to observing and photographing the injuries sustained by Voiles.
 {¶ 12} It is true that Voiles recanted her initial statements at trial, insisting that she fabricated the story because she was angry with appellant. But the state introduced evidence of a recorded telephone conversation that took place on December 27, 2005 between appellant and his mother, Faye Glossip, while appellant was incarcerated awaiting trial. In this conversation, appellant said his friend Tyler Owens was "working Voiles for him" while he was incarcerated. Appellant and his mother discussed using Owens to manipulate and put pressure on Voiles to change her story. Appellant adamantly insisted that Voiles be made to understand she must either change her story or not show up for trial. Appellant's mother also informed him that Voiles had been calling the house inquiring after him. Appellant's responses to his mother indicated his awareness that Voiles was emotionally attached to him and he could use this to manipulate her.
 {¶ 13} Considering this evidence, the jury could have reasonably believed that Voiles recanted her story based upon appellant's influence, and that her initial excited utterances to her great-grandmother and police represented what really took place the night of the incident. See, e.g., State v. Brown, 166 Ohio App.3d 32,2006-Ohio-1181, ¶ 18 (concluding, after considering similar facts and circumstances, that "[i]t is clear that the jury chose to believe [the victim's] version of the incident as given to the police on the night it occurred rather than her lack of memory on the day of trial"). *Page 5 
 {¶ 14} Appellant's second assignment of error is overruled.
 {¶ 15} Assignment of Error No. 1:
 {¶ 16} "THE CONVICTION ENTERED AGAINST GERALD GLOSSIP IS BASED UPON EVIDENCE WHICH IS INSUFFICIENT AS A MATTER OF LAW."
 {¶ 17} Challenging the same hearsay evidence as in his second assigned error, appellant argues that his conviction was not supported by sufficient evidence. But a determination that a conviction is supported by the weight of the evidence is dispositive of the issue of sufficiency. See State v. Hinojosa, Butler App. No. CA2003-05-104,2004-Ohio-1192, ¶ 12. Accord State v. McCrory, Portage App. No. 2006-P-0017, 2006-Ohio-6348, ¶ 40; State v. Santana, Cuyahoga App. No. 87170, 2006-Ohio-3843, ¶ 25; State v. Wyrick, Licking App. No. 2005-CA-89, 2006-Ohio-1919, ¶ 15; State v. Braxton, Franklin App. No. 04AP-725, 2005-Ohio-2198, ¶ 15; State v. Williams, Lucas App. No. L-02-1221, 2004-Ohio-4856, ¶ 11. Because we have determined that appellant's conviction was supported by the weight of the evidence, it follows that appellant's conviction was supported by sufficient evidence.
 {¶ 18} Appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY ALLOWING THE ADMISSION OF A RECORDING CONTAINING STATEMENTS BY FAYE GLOSSIP."
 {¶ 21} Appellant maintains that the trial court improperly admitted the December 27, 2005 recorded telephone conversation between him and his mother. Appellant challenges the statements made by his mother as inadmissible hearsay, inadmissible character evidence, and unfairly prejudicial.
 {¶ 22} "The issue of whether testimony or evidence is relevant or irrelevant, confusing *Page 6 
or misleading, is best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury." Renfro v. Black (1990), 52 Ohio St.3d 27, 31. A trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 122. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Id. at ¶ 130.
 {¶ 23} Addressing appellant's first argument, we find that his mother's statements were not hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Indeed, the statements of appellant's mother were made outside of trial. However, they were not offered to prove the truth of the matters asserted. Rather, they were included to place appellant's statements in context. See State v. Hardison, Summit App. No. 23050,2007-Ohio-366, ¶ 7; State v. Spires, Noble App. No. 04 No. 17,2005-Ohio-4471, ¶ 38; State v. Twitty, Montgomery App. No. 18749, 2002-Ohio-5595, ¶ 27.
 {¶ 24} Appellant's statements, and those to which he responded, were allowable as admissions by a party-opponent. See Evid.R. 801(D)(2). See, also, Spires at ¶ 38 ("appellant fails to recognize that admissions by a party opponent include the statements or questions to which she responds; otherwise, the statements would mean nothing in many contexts"). For example, appellant initially denied to police that he was with Voiles the night of the incident. During the recorded conversation, however, he admitted that he was with her that night. In addition, during that conversation appellant admitted to scheming to influence Voiles to recant her initial story to police. Appellant's comments evidence a consciousness of guilt.
 {¶ 25} As stated, it was necessary to admit the entire conversation into evidence, including appellant's mother's statements, to place appellant's statements in context. Spires at ¶ 38; Twitty at ¶ 27. Appellant's argument that the recorded statements by his mother were *Page 7 
inadmissible hearsay is unfounded. We also note that it was appellant who insisted that the entire recording, and not just excerpts, be played for the jury. It is curious, then, that appellant now objects to the admission of certain excerpts when he requested that the entire tape be heard.
 {¶ 26} Moreover, the recorded statements that may have incidentally revealed appellant's character were not admitted to prove that he acted in conformity therewith. See Evid.R. 404(A). During the phone conversation, appellant's mother told him his ex-girlfriend stated that she ended her relationship with appellant because he reverted to a "dark place." The prosecution did not rely upon this evidence to establish appellant's guilt in the present matter. And again, we note that appellant requested that the entire tape be played for the jury. Finally, the probative value of appellant's admissions on the tape, especially in light of Voiles' recantation at trial, substantially outweighed any danger of unfair prejudice. See Evid.R. 403(A). The trial court therefore did not abuse its discretion in admitting the entire recorded telephone conversation into evidence.
 {¶ 27} Appellant's third assignment of error is overruled.
 {¶ 28} Assignment of Error No. 4:
 {¶ 29} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN REFUSING TO ADMIT PRIOR TESTIMONY OF THE ALLEGED VICTIM."
 {¶ 30} Appellant argues that the trial court improperly excluded statements made by Voiles prior to trial. As referenced, the state maintained that appellant convinced Voiles to recant her initial recitation of events. The defense sought to rebut the state's argument by introducing prior statements made by Voiles in front of the grand jury and in an interview with the prosecutor's office. These statements, appellant alleges, were consistent with Voiles' testimony at trial but inconsistent with her statements on the night of the incident. Appellant challenges the trial court's refusal to admit these prior consistent statements into evidence. *Page 8 
 {¶ 31} We will not reverse the trial court's decision refusing to admit Voiles' prior statements absent an abuse of discretion.Hancock, 2006-Ohio-160 at ¶ 122. Evid.R. 801(D)(1)(b) is a hearsay exception that permits the admission of statements made by the declarant prior to trial that are consistent with his or her testimony. In order for this exception to apply, the declarant must be subject to cross-examination and the statement must be offered to rebut an accusation that the declarant lied or was improperly influenced in his or her testimony. See, e.g., State v. Grays, Madison App. No. CA2001-02-007, at 11, 2001-Ohio-8679.
 {¶ 32} In order to be admissible, prior consistent statements had to have been made before the existence of any motive or influence to falsify testimony. Id. at 11-12. Again, appellant and his mother spoke of influencing Voiles during their recorded telephone conversation on December 27, 2005. That recorded conversation took place prior to Voiles' interview with prosecutors and her grand jury testimony, both of which occurred in January 2006.
 {¶ 33} During the recorded conversation, appellant repeatedly and urgently emphasized his goal of influencing Voiles. As stated, appellant told his mother that "his boy" Owens was already "working Voiles for him." Appellant spoke of his desire to have Owens tell Violes whatever necessary to convince her to comply with his wishes: "I'm gonna tell [Owens], I'm gonna tell him to tell [Voiles] that I love her, tell her that I want that baby and I'm thinking of her, and just lie to the bitch."
 {¶ 34} As revealed by this evidence, Voiles was pregnant by appellant and wanted for him to be involved with the child. At trial, Violes admitted to having at least one conversation with Owens regarding appellant prior to her testifying before the grand jury. She also admitted to speaking with appellant's mother and expressing her sorrow for what had happened. *Page 9 
 {¶ 35} Under these facts, it is reasonable to infer that appellant's "boy" Owens was able to approach and influence Voiles prior to her interviewing with prosecutors and testifying before the grand jury. Voiles' statements made on these two occasions would not be properly admissible as prior consistent statements because they were not rendered prior to the existence of any motive or influence to falsify testimony. The trial court thus did not abuse its discretion in refusing to admit Voiles' prior testimony.
 {¶ 36} Appellant's fourth assignment of error is overruled.
 {¶ 37} Assignment of Error No. 5:
 {¶ 38} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN THE ISSUANCE OF SPECIFIC JURY INSTRUCTIONS."
 {¶ 39} Appellant alleges that the trial court erred in failing to accept any of appellant's requested jury instructions and in accepting the majority of the state's requested jury instructions over appellant's objections.
 {¶ 40} A trial court has a duty to instruct the jury on the law relevant to all issues in the case that are supported by the evidence.Marshall v. Gibson (1985), 19 Ohio St.3d 10, 12. It is within the trial court's discretion to determine whether a particular jury instruction is relevant. Enderle v. Zettler, Butler App. No CA2005-11-484,2006-Ohio-4326, ¶ 35. In reviewing a trial court's decision on jury instructions, an appellate court's role is to ascertain whether the trial court abused its discretion in refusing to give a proposed instruction and, if so, whether that refusal was prejudicial. Id. at ¶ 37. A trial court is not obliged to give a proposed instruction merely because counsel submitted it. Jaworoski v. Med. RadiationConsultants (1991), 71 Ohio App.3d 320, 327.
 {¶ 41} Appellant notably fails to specify which of the instructions proposed by him were erroneously rejected and which proposed by the state were erroneously accepted. In other words, appellant offers no argument in support of this alleged error. Instead, after *Page 10 
emphasizing that the court accepted nine of the state's instructions and "none" of appellant's, appellant conclusorily avers: "Taken in its entirety the courts [sic] actions with regard to the issuance of specific jury instructions should be deemed error to the prejudice of defendant." But appellant neglects to explain how or why he was prejudiced by the court's actions.
 {¶ 42} The trial court accepted appellant's three requested OJI instructions, and rejected his two specific jury instructions. The fact that the court accepted a number of the state's specific instructions and neither of appellant's two proposed specific instructions does not, per se, amount to error. In viewing the jury instructions given by the court as a whole, we do not find that the instructions were misleading or prejudicial so as to induce an erroneous verdict. Ballard v. Wal-MartStores, Inc. (Jan. 11, 1999), Clinton App. No. CA98-05-014, 7, citingCleveland Elec. Illuminating Co. v. Astorhurst Land Co. (1985),18 Ohio St.3d 268, 274. The trial court did not abuse its discretion in refusing to submit appellant's two specific jury instructions.
 {¶ 43} Appellant's fifth assignment of error is overruled.
 {¶ 44} Assignment of Error No. 6:
 {¶ 45} "ALTHOUGH SEVERAL ASSIGNMENTS OF ERROR ASSERTED HEREIN MAY NOT SINGLY RISE TO THE LEVEL OF REVERSIBLE ERROR, THE TOTALITY OF THE ASSIGNMENTS CONSTITUTES REVERSIBLE ERROR."
 {¶ 46} If we should find that none of appellant's assignments of error constitute reversible error standing alone, appellant urges this court to find that the cumulative effect of the harmless, nonprejudicial errors resulted in unfair prejudice and deprived appellant of a fair trial. See, e.g., State v. DeMarco (1987), 31 Ohio St.3d 191, 197. However because no errors existed, prejudicial or otherwise, the doctrine is inapplicable to the present case. State v. Kelly, Clermont App. No. CA2004-12-104, 2005-Ohio-7032, ¶ 79. *Page 11 
 {¶ 47} Appellant's sixth assignment of error is overruled.
 {¶ 48} Judgment affirmed.
 YOUNG and BRESSLER, JJ., concur. *Page 1