OPINION
{¶ 1} Defendant-appellant, Richard Todd Williams, appeals his convictions in the Butler County Court of Common Pleas for rape and six counts of gross sexual imposition.
 {¶ 2} On June 29, 2005, the Butler County grand jury indicted appellant on three counts of rape in violation of R.C. 2907.02(A)(1)(b) and four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). The indictment stemmed from allegations made by appellant's stepchildren, F.A. and J.H., that appellant sexually abused them over a period *Page 2 
of four years beginning when F.A. was six years old, and J.H. was nine years old.
 {¶ 3} On December 12, 2005, appellant moved to suppress statements he made during the investigation, and the trial court overruled his motion. On March 6, 2006, appellant entered a guilty plea but was permitted to withdraw that plea and enter a not guilty plea on March 23, 2006.
 {¶ 4} Following a jury trial in January 2007, appellant was found guilty of one count of rape, and guilty of the lesser included offense of gross sexual imposition as to the remaining two counts of rape. Also, the jury found appellant guilty of four counts of gross sexual imposition. The trial court imposed a sentence of life imprisonment on appellant's rape conviction, and consecutive terms of five years imprisonment on each of the gross sexual imposition convictions. Appellant was also classified a sexual predator. Appellant appeals his convictions, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ADMITTED INTO EVIDENCE CERTAIN HEARSAY TESTIMONY."
 {¶ 7} In his first assignment of error, appellant argues the trial court erred in permitting Monroe Police Detective Michael Staples to testify about statements he heard F.A. make during an interview conducted by Butler County Children Services. Appellant maintains that Det. Staples' testimony regarding these statements is inadmissible hearsay.
 {¶ 8} A trial court's decision to admit or exclude evidence will not be reversed by a reviewing court absent an abuse of discretion.State v. Craft, Butler App. No. CA2006-06-145, 2007-Ohio-4116, ¶ 48. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.
 {¶ 9} The hearsay rule provides that out-of-court statements are inadmissible unless *Page 3 
the evidence falls within one of the clearly delineated exceptions. See Evid. R. 801(C), 802, 803, and 804. The historic purpose of the hearsay rule is "to exclude statements of dubious reliability that cannot be tested by cross-examination." State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126, ¶ 70.
 {¶ 10} At trial, over appellant's objection, Det. Staples testified that he observed F.A.'s interview with a representative of children services, and that during this interview F.A. disclosed multiple instances of sexual conduct with appellant. Det. Staples testified that F.A. explained that on several occasions, appellant would "grab [F.A.'s] hand and make her play with his penis," that appellant once put F.A. on a bed, removed his own clothes, and rubbed his body on her clothed body, and that "sometimes [appellant] pees on [F.A.], which she described as a yellowish-greenish color, and [F.A.] said it was a liquid." Det. Staples also testified that F.A. stated, "[appellant] had French kissed [F.A.] with his tongue in [her] mouth on several occasions and had stuck his finger in her pee-pee hole." At trial, appellant objected to the admission of Det. Staples' testimony. In response, the state argued that this testimony was being offered as a prior consistent statement, pursuant to Evid. R. 801(D)(1)(b).
 {¶ 11} Evid. R. 801(D) defines certain declarations which are characterized as non-hearsay. Evid. R. 801(D)(1)(b) permits the admission of statements made by the declarant prior to trial that are consistent with his or her testimony. Also, "[t]his rule permits the rehabilitation of a witness whose credibility has been attacked by means of a charge that [she] recently fabricated [her] story by admitting into evidence a consistent statement made by the witness prior to the time of the suggested invention or of the emergence of the motive to falsify, as tending to rebut the charge." State v. Baker, Franklin App. No. 02AP-339, 2002-Ohio-7031, ¶ 51, citing Motorists Mut. Ins. Co. v.Vance (1985), 21 Ohio App.3d 205, 207.
 {¶ 12} "In order for this exception to apply, the declarant must be subject to cross-examination *Page 4 
and the statement must be offered to rebut an accusation that the declarant lied or was improperly influenced in [her] testimony."State v. Glossip, Warren App. No. CA2006-04-040, 2007-Ohio-2066, ¶ 31, citing State v. Grays, Madison App. No. CA2001-02-007, 2001-Ohio-8679. To be admissible, prior consistent statements must have been made before the existence of any motive or influence to falsify testimony.Glossip at ¶ 32, citing Grays.
 {¶ 13} During the cross-examination of F.A., after questioning her about what she told the Children Services representative, appellant's counsel asked the following questions:
 {¶ 14} "[Counsel]: [F.A.], who all have you discussed this with? Who all have you talked with this about?
 {¶ 15} "[F.A.]: I talked * * * about this with my mother * * * my dad, * * * my [a]unt * * * and my [u]ncle * * *."
 {¶ 16} "Q: You got a lot of people in your family, right?
 {¶ 17} "A: Yes
 {¶ 18} "Q: And have any of those people told you what to say?
 {¶ 19} "A: Yeah.
 {¶ 20} "Q: Who's told you want to say?
 {¶ 21} "A: [A]ll of them except for my [u]ncle.
 {¶ 22} "Q: They talked to you about this stuff a lot?
 {¶ 23} "A: Sometimes, yes.
 {¶ 24} "Q: Sometimes more than others, and there will be a long time when it doesn't come up, right?
 {¶ 25} "A: Yes.
 {¶ 26} "Q: But in anticipation of today and coming to court today, you have talked *Page 5 
about it a lot more, is that fair?
 {¶ 27} "A: Yes.
 {¶ 28} "Q: And they have told you certain things to say when you come in here; is that right?
 {¶ 29} "A: Yes."
 {¶ 30} After reviewing the record, we find that the trial court properly admitted Det. Staples' testimony pursuant to Evid. R. 801(D)(1)(b). Counsel's cross-examination of F.A. amounted to an implication of improper influence, and the trial court was within its discretion to allow rehabilitation through the introduction of a prior consistent statement pursuant to Evid. R. 801(D)(1)(b). See State v.Blevins (Oct. 19, 1998), Clermont App. No. CA97-09-076; State v.Marshall (Apr. 29, 1991), Clinton App. No. CA90-04-010.
 {¶ 31} Next, appellant argues that Det. Staples' testimony violates the Confrontation Clause and Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354. However, appellant's reliance on Crawford is misplaced, as F.A., the declarant, testified at trial and was subject to cross-examination. Accordingly, we find the Sixth Amendment right to confrontation was not implicated. See State v. Bryant, Warren App. No. CA2007-02-024, 2008-Ohio-3078, ¶ 52.
 {¶ 32} Finally, appellant argues that during the state's redirect examination of F.A., the trial court improperly permitted hearsay testimony. On redirect, the state asked F.A. the following:
 {¶ 33} "Prosecutor: [F.A.], when these people would tell you what to say in court, what did they say?
 {¶ 34} "* * *
 {¶ 35} "[F.A.]: My dad told me to tell the truth and tell everything that happened. And
[my stepmom] said the same. I told my mom that I wanted to protect her before she could *Page 6 
kick out [appellant] and send him to jail. And she said to say that in court, which I did. And my [aunt] and my [uncle] said the same thing that my dad * * * and [stepmom] said."
 {¶ 36} After reviewing the record, we find that the trial court was within its discretion to permit F.A.'s testimony, following appellant's cross-examination. F.A.'s testimony that her family members instructed her to "tell the truth and to tell everything that happened" was not offered to prove the truth of the matter asserted, but merely to demonstrate that the statements were made to F.A. Accordingly, F.A.'s testimony is not hearsay. See State v. Welton, Fayette App. No. CA2006-07-028, 2008-Ohio-2113, ¶ 34; State v. Dowdell (Oct. 30, 1975), Cuyahoga App. No. 34214. Moreover, appellant invited any alleged error in the admission of this testimony by introducing this line of questioning on cross-examination. See State v. Wood, Preble App. No. CA2005-11-018, 2006-Ohio-3781.
 {¶ 37} Appellant's first assignment of error is overruled.
 {¶ 38} Assignment of Error No. 2:
 {¶ 39} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW HIM TO ASK HIS EXPERT WITNESS A QUESTION REGARDING FALSE CONFESSIONS FROM INNOCENT SUSPECTS."
 {¶ 40} In his second assignment of error, appellant argues the trial court improperly limited the testimony of his expert psychologist, Dr. Solomon Fulero. Appellant maintains that Dr. Fulero's excluded testimony would have cast doubt on the reliability of incriminating statements appellant made during the investigation. Appellant claims that his statements were falsely induced by psychological interrogation techniques.
 {¶ 41} Prior to trial, appellant moved to permit the testimony of Dr. Fulero, and the trial court held a hearing pursuant to Evid. R. 702 andDaubert v. Merrell Dow Pharmaceuticals, Inc. (1993), 509 U.S. 579,113 S.Ct. 2786. Following this hearing, the trial court permitted Dr. Fulero to testify as an expert at trial, consistent with the U.S. Supreme Court's decision in *Page 7 Crane v. Kentucky (1986), 476 U.S. 683, 106 S.Ct. 2142, regarding his knowledge of psychological law enforcement interrogation techniques and the impact they may have on inducing false confessions. However, the trial court specifically excluded testimony, "* * * regarding the number of wrongful convictions or circumstances relating to other cases of claimed wrongful prosecutions and/or convictions based on false confessions, past or present * * *"
 {¶ 42} In Daubert, the Supreme Court "interpreted Fed.R.Evid. 702, the federal version of Evid. R. 702, as vesting the trial court with the role of gatekeeper. This gatekeeping function imposes an obligation upon a trial court to assess both the reliability of an expert's methodology as well as the relevance of any testimony offered before permitting the expert to testify. [The Ohio Supreme Court] adopted this role for Ohio trial judges in Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607 * * *." (Internal citations omitted.) Terry v. Caputo, 115 Ohio St.3d 351,2007-Ohio-5023, ¶ 24.
 {¶ 43} Further, Evid. R. 403(A) provides, "[although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." "The issue of whether testimony or evidence is relevant or irrelevant, confusing or misleading, is best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury." Renfro v. Black (1990),52 Ohio St.3d 27, 31. A trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion. Hancock, 2006-Ohio-160
at ¶ 122.
 {¶ 44} At trial, appellant's counsel asked Dr. Fulero if "there have been cases in which police used psychological interrogation techniques that resulted in false confessions from people that were entirely innocent," and Dr. Fulero responded, "Yes, absolutely." The trial court sustained the state's objection, instructed the jury to ignore Dr. Fulero's last statement, *Page 8 
and instructed the parties to remain consistent with its decision regarding the limitations on Dr. Fulero's permitted testimony.
 {¶ 45} After reviewing the record, we find that the trial court did not abuse its discretion in excluding Dr. Fulero's response pursuant to Evid. R. 403(A). While a criminal defendant has a constitutional right to present a meaningful defense, "this right does not engender an unfettered entitlement to the admission of any and all evidence."United States v. Sheffer (1998), 523 U.S. 303, 308; 118 S.Ct. 1261. See also, Crane, 476 U.S. at 690. A defendant is certainly permitted to present evidence that tends to cast doubt on the credibility of a confession. See State v. Goodwin, Mahoning App. No. 99 CA 220, 2001-Ohio-3416, citing Crane at 689. However, the exclusion of Dr. Fulero's response did not "[foreclose appellant's] efforts to introduce testimony about the environment in which the police secured his confession" or otherwise prevent appellant from presenting "competent, reliable evidence bearing on the credibility of a confession when such evidence is central to the defendant's claim of innocence."Crane at 690-691.
 {¶ 46} Appellant's second assignment of error is overruled.
 {¶ 47} Judgment affirmed.
 YOUNG and POWELL, JJ., concur. *Page 1