OPINION
{¶ 1} Appellant David McCoy ("appellant") appeals the verdict rendered in the Knox County Court of Common Pleas. Appellant raises issues regarding venue, ineffective assistance of counsel and rulings on evidentiary matters. The following facts give rise to this appeal.
 {¶ 2} The incident that resulted in charges in this matter occurred on December 29, 2004. On this date, the victim, Justin Smith, was deer hunting with a group of men in Fredericktown, Knox County. Dean Sherman gave Mr. Smith permission to hunt on his property. However, at some point, Mr. Smith did not know whether he was still on Mr. Sherman's property as he did not see or cross any fences and did not observe any no trespassing signs.
 {¶ 3} As he was hunting, Mr. Smith heard a chainsaw and yelling. Appellant approached Mr. Smith yelling that he wanted Mr. Smith's "fucking license and muzzle loader right now." Appellant twice stuck his finger in Mr. Smith's face and began shoving him. Mr. Smith apologized for being on appellant's property and told him he would leave. Appellant pushed Mr. Smith a third time. At that point, Mr. Smith dropped his gun and wrestled appellant to the ground. The two men struggled on the ground.
 {¶ 4} During the struggle, and while appellant still had a hold of Mr. Smith, appellant grabbed the muzzle loader and began swinging it at Mr. Smith's face. Mr. Smith broke free from appellant and stood up. Appellant swung the muzzle loader against a tree causing it to break into pieces. Mr. Smith began to walk away from appellant toward the other members of his hunting party. As Mr. Smith was walking away, appellant struck him in the head with a piece of the muzzle loader. Mr. Smith passed out for approximately twenty to twenty-five seconds. Mr. Smith was transported to Knox Community Hospital and life-flighted to Grant Medical Center where he remained hospitalized for three days due to head injuries.
 {¶ 5} On February 8, 2005, the Knox County Grand Jury indicted appellant for one count of felonious assault. This matter proceeded to trial on September 20, 2005. Following deliberations, the jury found appellant guilty as charged in the indictment. On November 4, 2005, the trial court sentenced appellant to three years imprisonment and ordered him to make restitution, in the amount of $42,200.00, to Mr. Smith. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. THE CONVICTION IS UNLAWFUL AND VOIDABLE WHERE THE RECORD IS DEVOID OF EVIDENCE THAT THE CRIME CHARGED IN THE INDICTMENT IN FACT OCCURRED IN KNOX COUNTY, OHIO. THE VERDICT, CONVICTION AND SENTENCE ARE THUS CONTRARY TO LAW AND APPELLANT MUST BE DISCHARGED.
 {¶ 7} "II. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT WHERE HIS DEFENSE COUNSEL'S PERFORMANCE WAS SO DEFECTIVE THAT COUNSEL WAS NOT FUNCTIONING AS `COUNSEL' AS INTENDED BY THE SIXTH AMENDMENT, RESULTING IN ACTUAL PREJUDICE TO APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR TRIAL.
 {¶ 8} "III. APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS WHERE THE ACTIONS OF THE TRIAL COURT WERE ARBITRARY AND AN ABUSE OF DISCRETION IN EXCLUDING EVIDENCE OF THE ALLEGED VICTIM'S MOTIVE AND BIAS AGAINST THE ACCUSED IN LIGHT OF A PENDING CIVIL SUIT."
 II {¶ 9} We will address appellant's Second Assignment of Error first as it is dispositive of this matter on appeal. Appellant contends, in his Second Assignment of Error, that he was deprived of effective assistance of counsel. We agree.
 {¶ 10} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 11} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 12} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364, 370.
 {¶ 13} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 14} Appellant sets forth seven arguments in support of his claim that he received ineffective assistance of counsel. The argument we find pertinent to our decision concerns appellant's claim that defense counsel requested the wrong jury instruction for the affirmative defense of self-defense. Specifically, appellant argues defense counsel was ineffective for allowing the trial court to instruct the jury that there was a duty to retreat.
 {¶ 15} We have reviewed the transcript regarding the discussion of jury instructions. During this discussion, defense counsel requested a jury instruction, pursuant to O.J.I., Section 411.33, which concerns self-defense against danger of bodily harm. The trial court's original draft of the proposed jury instructions contained language pursuant to O.J.I., Section 411.31, dealing with self-defense against danger of death or great bodily harm. See Tr. Vol. II at 460. This section of O.J.I. contains "duty to retreat" language. However, Section 411.33 does not contain any such language.
 {¶ 16} Upon defense counsel's urging, the trial court agreed to change the language from that contained in Section 411.31 to the language contained in Section 411.33. Id. In doing so, the trial court inadvertently, or otherwise, failed to delete the language regarding a duty to retreat, which is contained in Section 411.31. Because the jury may have focused on the fact that appellant failed to retreat before resorting to physical force, we conclude this error by the trial court was not harmless and may have impacted the outcome of the trial.
 {¶ 17} Accordingly, we sustain appellant's Second Assignment of Error. In doing so, we do not find defense counsel was ineffective as counsel requested a jury instruction that did not contain language concerning a duty to retreat. However, the duty-to-retreat language was not deleted from the jury instructions given to the jury. We will not address appellant's First and Third Assignments of Error as they are moot based upon our disposition of appellant's Second Assignment of Error.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
Wise, P.J. Gwin, J., concurs. Edwards, J., concurs separately.