OPINION
{¶ 1} Appellant David C. McCoy appeals the decision of the Knox County Court of Common Pleas, which granted summary judgment in favor of Appellee Hastings Insurance Mutual Co. in a declaratory judgment action filed by appellee to clarify its coverage responsibilities concerning appellant in a related civil action. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 29, 2004, Justin Smith was deer hunting with a group of several other men near Fredericktown in Knox County. The hunt, utilizing muzzle-loaded weapons, commenced that day on property owned by Dean Sherman. Smith had previously obtained Sherman's permission to use the land, which was near appellant's property. However, at some point, Smith apparently lost track of which parcel of land he was on.
 {¶ 3} Later, as he was hunting, Smith heard someone shouting. Appellant thereupon approached Smith, demanding to see Smith's license and muzzle loader. Although Smith purportedly apologized for being on appellant's property and told him he would leave, a scuffle broke out. According to Smith, appellant told him "I know how to kill you five different ways." Tr. of Criminal Trial at 313-314. During the fight, appellant allegedly struck Smith in the head with a piece of the muzzle loader, causing injury to Smith.
 {¶ 4} Criminal charges ensued, and appellant was thereafter found guilty of felonious assault. He was sentenced to three years imprisonment and ordered to make restitution to Smith in the amount of $42,200.00. Appellant timely filed an appeal to this Court. On September 11, 2006, we reversed his conviction on the basis that certain *Page 3 
"duty-to-retreat" language was not deleted from the instructions given to the jury. See State v. McCoy, Knox App. No. 05 CA 36, 2006-Ohio-4745.
 {¶ 5} In the meantime, Smith commenced a civil lawsuit against appellant. On June 1, 2005, Appellee Hastings Mutual, appellant's insurer pursuant to a farmowner's policy, filed a declaratory judgment action to determine its legal obligations concerning the events of December 29, 2004.
 {¶ 6} On June 21, 2006, appellee filed a motion for summary judgment in the declaratory judgment action. Appellant filed a response in opposition on July 17, 2006. On August 10, 2006, the trial court issued a judgment entry granting summary judgment in favor of appellee.
 {¶ 7} Appellant timely filed a notice of appeal, and herein raises the following three Assignments of Error:
 {¶ 8} "I. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN REASONABLE REMINDS (SIC) COULD DIFFER REGARDING DISPUTED FACTS WHICH WERE MATERIAL AND WHICH THE COURT RESOLVED IN THE FAVOR OF THE MOVING PARTY, INSTEAD OF THE NON-MOVING PARTY AS IS REQUIRED.
 {¶ 9} "II. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT PRIOR TO DISCOVERY BEING CONCLUDED IN THE CASE HEREIN PURSUANT TO CIVIL RULE 56F, AS THE DEFENDANT WAS NOT AFFORDED AN OPPORTUNITY TO DEFEND HIMSELF PRIOR TO SUMMARY JUDGMENT BEING GRANTED.
 {¶ 10} "III. THE COURT ERRED IN DOING A DISMISSAL OF THE ENTIRE CASE WITHOUT SPECIFICALLY STATING THAT THE DEFENDANT'S COUNTERCLAIM AGAINST THE PLAINTIFF'S (SIC) WAS DISMISSED OR MAKING ANY *Page 4 
FINDINGS THAT THE PLAINTIFF DID NOT ACT INAPPROPRIATELY HEREIN BY FAILING TO INVESTIGATE THE DEFENDANT'S CLAIM."
 I. {¶ 11} In his First Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of appellee in the declaratory judgment action. We disagree.
 {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Specifically, when a declaratory judgment action is disposed of by summary judgment, our standard of review is de novo.King v. Western Reserve Group (1997), 125 Ohio App.3d 1, 5,707 N.E.2d 947. Civ.R. 56 provides, in pertinent part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary *Page 5 
judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v.Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 15} It is undisputed in this matter that appellant was a named insured under a farmowner's insurance policy with appellee. The declaratory judgment action filed by appellee sought clarification of whether liability coverage existed under said policy in regard to the personal injury lawsuit Justin Smith had filed against appellant stemming from the hunting altercation.
 {¶ 16} The policy in question states Appellee Hastings will pay for bodily injury "caused by an occurrence to which this coverage applies." Personal Liability, Section II, Coverage A. Specifically, "occurrence" means: "An accident, including continuous or repeated exposure to substantially similar conditions, originating during the policy period." Policy Definitions at 3. Furthermore, the policy specifically provides an exclusion "[f]or bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured or which is, in fact, intended by an insured." Section II, Exclusions, at 14. *Page 6 
 {¶ 17} Appellant essentially contends that his actions toward Smith during the hunting incident could be interpreted as acts of self-defense, therefore reasonable minds could come to different conclusions as to whether he acted "intentionally" for purposes of coverage under the farmowner's policy. However, this Court has recognized that self-defense is a "confession and avoidance" affirmative defense in which the defendant admits the elements of the crime but seeks to prove some additional element which absolves the defendant of guilt. See Uhrichsville v. Losey, Tuscarawas App. No. 2005 AP 03 0028,2005-Ohio-6564, ¶ 9, citing State v. White (Jan. 14, 1998), Ross App. No. 97 CA 2282. Thus, even though acts of self-defense may provide a legal justification for a person accused of assault, the underlying intentionality of those acts does not change. Hence, reasonable jurors in the case sub judice could only conclude that appellant intentionally used force against Smith during the altercation, even if he acted in self-defense. Thus, summary judgment in favor of appellee is warranted based on the aforecited policy exclusion in this case for intentional acts by an insured.
 {¶ 18} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 19} In his Second Assignment of Error, appellant argues he was deprived of an opportunity to defend against appellee's motion for summary judgment. We disagree.
 {¶ 20} The record reveals that appellee filed its declaratory judgment action on June 1, 2005. In the meantime, the criminal assault case against appellant was nearing its original trial date of July 19, 2005. On July 13, 2005, the criminal trial was *Page 7 
rescheduled for September 20, 2005, at which time it did go forward. As we have previously noted, appellant successfully appealed to this court; said appeal was still pending on June 21, 2006, when appellee filed its motion for summary judgment in the declaratory judgment action.
 {¶ 21} A review of the record in the case sub judice reveals no discovery efforts made by appellant in the declaratory judgment action during the above time frames. Furthermore, appellant did not avail himself of the opportunity of a continuance on the summary judgment issue as outlined in Civ.R. 56(F).
 {¶ 22} Upon review, we find no merit in appellant's claim that he was deprived of an opportunity to defend against summary judgment. Appellant's Second Assignment of Error is overruled.
 III. {¶ 23} In his Third Assignment of Error, appellant maintains the trial court failed to properly address his counterclaim against appellee. We disagree.
 {¶ 24} The trial court's summary judgment in favor of appellee is silent as to a disposition of appellant's counterclaim that appellee "failed to investigate the claim properly, if at all." Appellant's Brief at 10. However, appellant in this matter declined to request any discovery, did not seek any continuances, and did not develop or support his counterclaim during the litigation of appellee's summary judgment motion. It is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make. See State v. Kollar (1915), 93 Ohio St. 89, 91, 112 N.E. 196. Moreover, given our finding that reasonable jurors would have found no *Page 8 
coverage under the policy in question, appellant cannot show that appellee's alleged lack of proper investigation of the claim was prejudicial to his case.
 {¶ 25} We therefore find appellant's argument regarding the redress of his counterclaim lacks merit. Appellant's Third Assignment of Error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: Wise, P. J. Edwards, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellant. *Page 1