OPINION
{¶ 1} Defendant-appellant, Rebecca Echavarria, appeals her convictions in the Butler County Court of Common Pleas on one count of possession of cocaine, in violation of R.C. 2925.11(A), and one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). We affirm the convictions.
 {¶ 2} On April 17, 2003, at approximately 5:00 a.m., Middletown Police Officers Brad Carozza and Tim Meehan responded to a report of a disturbance at 3244 Plymouth Road in Middletown. Officer Carozza approached the front door of the residence while Officer Meehan approached a side door. Officer Carozza knocked on the front door but did not receive a response for several minutes. Through a sliding glass door Officer Meehan observed a female in the living room. She moved into the kitchen and Officer Meehan observed her place a crack pipe and a napkin into a basket on the kitchen table. Officer Meehan radioed Officer Carozza and relayed these facts, and a description of the woman.
 {¶ 3} The officers were eventually admitted into the house and Officer Meehan proceeded directly to the kitchen. When he looked in the basket he found the crack pipe and discovered that the napkin was concealing a spoon that contained crack cocaine. Appellant was arrested and charged with possession of crack cocaine and possession of drug paraphernalia. She was convicted of both charges and sentenced accordingly. She appeals the convictions, raising three assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "It was error and abuse of discretion for the trial court to permit hearsay evidence in when said hearsay evidence goes directly to the alleged actions of the defendant/appellant that constituted the commission of a criminal act."
 {¶ 6} At trial, Officer Carozza was permitted, over appellant's objection, to testify to out-of-court statements made by Officer Meehan at the scene. Officer Carozza testified that Officer Meehan "stated there was a black female subject that got off the couch with some drug paraphernalia in her hand and she was walking in the kitchen and placed it in the basket, which was on the table." Officer Meehan later testified and was subject to cross-examination regarding the statements he made to Officer Carozza at the scene.
 {¶ 7} In her first assignment of error, appellant argues that the trial court abused its discretion by permitting this testimony.
 {¶ 8} The admission or exclusion of relevant evidence lies within the sound discretion of the trial court. State v. Robb,88 Ohio St.3d 59, 68, 2000-Ohio-275. Consequently, a trial court's ruling as to the admissibility of evidence will not be reversed absent an abuse of discretion. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. More than an error of law or judgment, an abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or capricious. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Where an out-of-court statement is offered without reference to its truth, it is not hearsay. State v. Lewis
(1970), 22 Ohio St.2d 125, 132-133. Consequently, "[s]tatements which are offered to explain a police officer's conduct while investigating a crime are not hearsay," as the statements are not offered for their truth. State v. Price (1992),80 Ohio App.3d 108,110, citing State v. Blevins (1987),36 Ohio App.3d 147,149;Fairfield v. Tillett (Apr. 23, 1990), Butler App. No. CA89-05-073. Officer Meehan's statement was not offered for its truth but rather to explain the course of the investigation and the decision to arrest appellant. Therefore, the statement was not hearsay prohibited by Evid.R. 801(C), and the trial court did not abuse its discretion by permitting the testimony. The first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "It was error for the Judge to refuse to allow the admission of Defendant's Exhibits H, I, J, and K, into the record, as the same were relevant to Defendant/Appellant's defense, and their exclusion from evidence was an abuse of discretion and a violation of due process."
 {¶ 12} At trial, appellant proffered three exhibits that the trial court excluded as not relevant.[1] In her second assignment of error, appellant alleges that the trial court abused its discretion by excluding the proffered evidence.
 {¶ 13} We again note that the admission or exclusion of relevant evidence lies within the sound discretion of the trial court. Robb, 88 Ohio St.3d at 68, 2000-Ohio-275. "Relevant evidence" is defined by Evid.R. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 14} Appellant's exhibit H documents the results of a drug test taken one week after her arrest. Appellant's exhibit J documents the results of multiple drug tests taken weeks and months after her arrest. This evidence is merely probative of her drug use or nonuse after her arrest, and consequently not relevant to the charges for which she was tried. Further, while appellant argues the test results are relevant to prove that she is not a regular drug user, she was convicted of possessing crack cocaine and possessing drug paraphernalia, not of any crime involving the use of illegal drugs.
 {¶ 15} Appellant's exhibit K consists of her sister's City of Middletown police records which reflect multiple convictions. Appellant alleges these records support her contention that the police mistakenly identified her as her sister. We find these records wholly irrelevant to the charges against appellant. While the police may have mistaken appellant for her sister, even calling her by the wrong name as she alleges, the fact remains that Officer Meehan provided eyewitness testimony that appellant committed the charged offenses. Review of the record further confirms that appellant's sister was not present when the police observed appellant with drug paraphernalia, nor when they entered the home and found the crack cocaine which appellant had concealed. Appellant herself testified that she was present when the officers arrived, and that her sister was not at the residence.
 {¶ 16} The trial court did not abuse its discretion by excluding any of the proffered evidence as irrelevant. The second assignment of error is overruled.
 {¶ 17} Assignment of Error No. 3:
 {¶ 18} "The admission of hearsay evidence in the instant case going to the very guilt or innocence of the Defendant and the failure to admit exculpatory evidence, was such an abuse of discretion by the Trial Court that the Trial Court totally precluded the Defendant/Appellant from getting a fair trial in this matter and constituted structural error."
 {¶ 19} Structural errors are a limited class of constitutional defects, "that defy harmless-error analysis and are cause for automatic reversal" without a showing that a substantial right has been affected. State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297, ¶ 16. Structural error analysis is reserved for "constitutional deprivations * * * affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." Arizona v. Fulminante
(1991), 499 U.S. 279, 310, 111 S.Ct. 1246 (citation omitted), quoted with approval in State v. Fisher, 99 Ohio St.3d 127,2003-Ohio-2761, at ¶ 9. This analysis guards against errors that "permeate `[t]he entire conduct of the trial from beginning to end' so that the criminal trial cannot `reliably serve its function as a vehicle for determination of guilt or innocence.'"Perry at ¶ 25 (citations omitted).
 {¶ 20} Errors in evidentiary rulings are "trial errors," not subject to a structural error analysis, but rather subject to review under the harmless error standard. State v. Esparza
(1996), 74 Ohio St.3d 660, 661, citing Fulminante at 307-310. Having concluded earlier that no error occurred with regard to the evidentiary rulings, we overrule appellant's third assignment of error.
Judgment affirmed.
Young, P.J., and Powell, J., concur.
[1] While appellant references four exhibits, H, I, J and K, review of the record reveals that no exhibit I was presented at trial.