OPINION
{¶ 1} Defendant-Appellant, Z.C., appeals a judgment of the Montgomery County Common Pleas Court, Juvenile Division finding him delinquent for the offense of disseminating material harmful to juveniles. Appellant asserts that there is insufficient evidence to sustain his adjudication on the charge, and that the trial court erred in allowing a minor child under the age of ten to testify. Finding that there was sufficient evidence to find the appellant guilty of the offense, and that the trial court properly allowed the minor child to testify, we affirm the judgment of the trial court.
 {¶ 2} In the summer of 2003, B.G., a five-year-old female child, was visiting the home of Appellant, her fifteen-year-old cousin. Both children were under the supervision of Z.C.'s mother. While the mother was outside the home, Z.C. and B.G. went to his room to watch a movie. During the movie, Z.C. showed B.G. a book that B.G. testified contained pictures of naked adults, both male and female. After viewing the book, Z.C. masturbated in the presence of B.G., ejaculating onto the bed.
 {¶ 3} Thereafter, Z.C. was charged with importuning, disseminating material harmful to juveniles and rape. At the adjudicatory hearing, the trial court found Z.C. delinquent for the offense of disseminating material harmful to juveniles and dismissed the other counts. The trial court then placed Z.C. on probation for twelve months, including thirty days at the Dora Lee Tate Juvenile Center, which was suspended. The trial court also ordered Z.C. to attend sex-offender specific counseling as well as general counseling, and restricted his contact with the victim or her family. It is from this adjudication and disposition that Z.C. appeals, asserting two assignments of error for our review.
 First Assignment of Error
The trial court erred when it found the victim, a minor child under the age of ten (10) competent to testify as a witness.
 {¶ 4} Evid. R. 601 provides that "Every person is competent to be a witness except: * * * children under ten years of age who appear incapable of receiving just impressions of the fact, and transactions respecting which they are examined, or of relating them truly."
 {¶ 5} The trial court is in the best position to determine the competency of witnesses and is afforded considerable discretion in such matters. State v. Uhler (1992),80 Ohio App.3d 113, 118, citing State v. Bradley (1989),42 Ohio St.3d 136, paragraph one of the syllabus. See, also, State v. Wilson
(1952), 156 Ohio St. 525. Absent an abuse of discretion, the competency determinations of the trial court will not be disturbed on appeal. State v. Frazier (1991),61 Ohio St.3d 247, 251.
 {¶ 6} A court cannot determine the competency of a child through consideration of the child's out-of-court statements standing alone; therefore, a competency hearing is required. The Supreme Court held in State v. Wilson (1952), 156 Ohio St. 525, the essential questions of competency can be answered only through an in-person hearing: "The child's appearance, fear or composure, general demeanor and manner of answering, and any indication of coaching or instruction as to answers to be given are as significant as the words used in answering during the examination, to determine competency. * * * [and] such important and necessary observations cannot be made unless the child appears personally before the court." Id. at 532.
 {¶ 7} Competency under Evid.R. 601(A) contemplates several characteristics. See State v. Frazier (1991),61 Ohio St.3d 247, 251. Those characteristics are threefold: first, the child must have the ability to receive accurate impressions of fact; second, the child must be able to accurately recollect those impressions; third, the child must be able to relate those impressions truthfully. State v. Said, 71 Ohio St.3d 473, 476,1994-Ohio-402.
 {¶ 8} Here, the trial court conducted a lengthy voir dire examination of the child before determining her competent to testify. This voir dire adequately addressed the necessary factors.
 {¶ 9} Z.C. also asserts that the court's failure to administer an oath to the child was error. Evid. R. 603 states that the trial court shall require every witness to "* * * declare that he will testify truthfully, by oath or affirmation in a form calculated to awaken his conscience and impress his mind with his duty to do so." The oath specified does not require the trial court to use any specific language. In this case, the court had the child raise her right hand and "promise to tell the truth today," and state that "I won't tell a lie." This procedure adequately conformed to the requirements of Evid. R. 603.
 {¶ 10} Finally, Z.C. suggests that during her testimony, the witness could not recall some events, and that she was improperly coached by the State. Neither of these issues, even if true, affects the competency of the witness, once her competency has been established. Such issues go instead to the weight of the evidence.
 {¶ 11} Appellant's first assignment of error is overruled.
 Second Assignment of Error
The trial court erred when it found Defendant ZC guilty of Disseminating Material harmful to Juveniles.
 {¶ 12} In this assignment of error, Z.C. asserts that his adjudication was not supported by sufficient evidence.
 {¶ 13} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 14} Z.C. was charged with disseminating materials harmful to juveniles, under R.C. 2903.31(A). The essential elements of disseminating materials harmful to juveniles that the state had to prove were that Z.C. with knowledge of its character or content, recklessly, while in the physical proximity of a juvenile, allowed the juvenile to review or peruse any material or view a live performance that was harmful to a juvenile, or that he delivered, furnished, disseminated, provided or presented to a juvenile, any material or performance that was obscene or harmful to juveniles.
 {¶ 15} Z.C. argues that the evidence fails to establish that the pictures shown to B.G. met the definition of "harmful to juveniles." R.C. 2907.01(E) defines "harmful to juveniles" as "any material or performance describing or representing nudity, sexual conduct, sexual excitement, or sado-masochistic abuse in any form to which all of the following apply: (1) The material or performance, when considered as a whole, appeals to the prurient interest in sex of juveniles. (2) The material or performance is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for juveniles. (3) The material or performance, when considered as a whole, lacks serious literary, artistic, political, and scientific value for juveniles."
 {¶ 16} While the actual pictures involved were not admitted into evidence herein, it is not necessary if the testimony presented at trial demonstrates that the material is harmful to juveniles. The testimony elicited from the child victim established only that the pictures were of naked adults; however, the child's description of Z.C.'s actions in response to the pictures, masturbating to ejaculation, is circumstantial evidence that the pictures met the definition of "material harmful to juveniles."
 {¶ 17} Furthermore, R.C. 2907.31(A)(3) prohibits allowing any juvenile to view a live performance that is obscene or harmful to a juvenile. Something is obscene if "when considered as a whole and judged with reference to ordinary adults, * * * its dominant tendency is to arouse lust by displaying * * * masturbation * * * in a way that tends to represent human beings as mere objects of sexual appetite." R.C. 2907.01(F). There is evidence herein that Z.C. allowed B.G. to view him masturbate to ejaculation, and it is reasonable for a trier of fact to have determined, under the circumstances herein, that such a performance was obscene and/or harmful to juveniles. See State v. Zimmer (Apr. 22, 1999), Cuyahoga App. No. 73281, unreported.
 {¶ 18} Viewing the above evidence in a light most favorable to the prosecution, we conclude that the evidence was sufficient for a rational trier of fact to have found that Z.C. committed the crime of disseminating material harmful to juveniles.
 {¶ 19} Appellant's second assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court, Juvenile Division is hereby Affirmed.
Wolff, J., and Donovan, J. concur.