OPINION
{¶ 1} Defendant-appellant, Edward H. Welton, Jr., appeals his conviction in the Fayette County Court of Common Pleas for rape. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On March 27, 2006, appellant was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree. Each count included a specification that the victim was under the age of ten at the time of the offenses. The indictment stemmed *Page 2 
from allegations of sexual abuse made against appellant by A.W., his niece. In December 2005, nine-year-old A.W. told her mother that appellant had "touched her body parts" and told her grandmother that appellant engaged in sexual intercourse with her on three occasions. These three incidents, according to A.W., took place during a period of time spanning from 2003 to 2005.
 {¶ 3} Following a two-day jury trial in June 2006, appellant was found not guilty on the first two rape counts and guilty on the third rape count. The jury also made a finding that the victim was under the age of ten when the offense occurred. Appellant was thereafter sentenced to life in prison. Appellant timely appeals, raising four assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO REMOVE NUMEROUS JURORS FOR CAUSE."
 {¶ 6} Appellant argues that he was denied the right to a fair and impartial jury because four of the jurors at his trial were biased by pretrial publicity. Appellant insists that jurors #32, #65, #93, and #588 made remarks during voir dire which exhibited their bias after reading a front page article about the case in a local newspaper.
 {¶ 7} Although rare, it is possible that adverse pretrial publicity can be so pervasive as to create a presumption of prejudice. State v.Carroll, Clermont App. Nos. CA2007-02-030, CA2007-03-041,2007-Ohio-7075, ¶ 58, citing State v. Lundgren, 73 Ohio St.3d 474, 479,1995-Ohio-227. The best safeguard against this is a careful and searching voir dire of potential jurors to determine whether prejudicial pretrial publicity prevented the attainment of a fair and impartial jury from the locality. State v. Frazier, 115 Ohio St.3d 139, 2007-Ohio-5048, ¶ 235, citing State v. Bayless (1976), 48 Ohio St.2d 73, 98. In addition, a defendant who alleges that pretrial publicity has denied him a fair trial must show that one or more jurors were actually biased.State v. Mundt, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 67. *Page 3 
 {¶ 8} Initially, we observe that appellant failed to exercise one of his peremptory challenges, leaving jurors #32, #65, #93, and #588 on the panel. Additionally, appellant did not challenge the complained-of jurors for cause, and therefore this argument has been forfeited unless we find plain error. Crim. R. 52(B); State v. Barnes, 94 Ohio St.3d 21,27, 2002-Ohio-68.
 {¶ 9} In order for a reviewing court to find plain error, three elements must be present. First, there must be an error, or a deviation from a legal rule. Barnes at 27. Second, the error must be plain, or representative of an "obvious" defect in the trial proceedings. Id. Third, the error must have affected the defendant's substantial rights, or influenced the outcome of the proceeding. Id. The burden is on the defendant to show a violation of his substantial rights. State v.Perry, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 14. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Landrum (1990),53 Ohio St.3d 107, 111.
 {¶ 10} A review of the record reveals that the trial court did not commit error in failing to dismiss jurors #32, #65, #93, and #588 for cause due to pretrial publicity. During voir dire, the trial court asked all of the prospective jurors about the newspaper article. Those who indicated that they had read the article were subjected to an additional voir dire, one at a time. They were asked what they recalled from the article[1] and whether they would be able to set aside what they had read and decide the case based upon the evidence as presented at trial. *Page 4 
 {¶ 11} Accordingly, jurors #32, #65, #93, and #588 were individually questioned by the court and counsel on the topic of pretrial publicity. All of these jurors indicated that they could be fair and impartial. Each expressed a willingness to set aside what was learned from the article and to make a decision based upon the evidence as presented at trial. The pretrial publicity therefore was not sufficiently pervasive so as to create a presumption of prejudice. Appellant also failed to demonstrate that the jurors were actually biased against him. SeeCarroll, 2007-Ohio-7075 at ¶ 62; Mundt, 2007-Ohio-4836 at ¶ 67-69.
 {¶ 12} Because the trial court did not err in failing to dismiss jurors #32, #65, #93, and #588 for cause, there was no plain error. Appellant's first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO CONDUCT AN ADEQUATE VOIR DIRE OF THE NINE-YEAR-OLD CHILD WITNESS TO DETERMINE HER COMPETENCY TO TESTIFY."
 {¶ 15} Appellant claims that the trial court conducted an inadequate voir dire examination of A.W. to determine her competency to testify. Appellant maintains that the voir dire was short, basic, and did not impress upon A.W. the importance of telling the truth at trial.
 {¶ 16} Children under the age of ten are rebuttably presumed to be incompetent to testify. R.C. 2317.01; Evid. R. 601(A). A trial judge must conduct a voir dire examination of a child less than ten years of age to determine whether he or she is competent to testify. State v.Frazier (1991), 61 Ohio St.3d 247, 250-51. In making this determination, the trial court must consider the child's ability to receive, recall and communicate accurate impressions of fact, understand truth and falsity, and appreciate the responsibility to be truthful. Id. at 251.
 {¶ 17} A reviewing court will not disturb the trial court's finding of child witness competency absent an abuse of discretion. State v.Short (July 6, 1992), Butler App. No. CA91-04-066, *Page 5 
at 4. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.
 {¶ 18} A review of the transcript establishes that the trial court conducted an adequate voir dire to determine whether A.W. was a competent witness. Upon questioning, A.W. was able to provide her name, birthday, current age, the age she would be on her next birthday, the age of her sister, the identities of the people she lived with, and the city in which she resided. She was also able to communicate her upcoming grade in school, the name of the school she would be attending that year, the name of the school she attended the previous year, the name of her teacher from the previous school year, her awareness of being in the courtroom, why she was in court, and how she got to the court.
 {¶ 19} A.W. also recognized that it would not be truthful to say her sister drove her to court because her grandmother had driven her to court. She indicated that she was punished when she did not tell the truth at home. She stated that she would follow the oath that the trial judge had explained to her and tell the truth. Finally, A.W. acknowledged that she would not guess if she did not know the answer to a question and that she would say she did not understand a question if that were the case.
 {¶ 20} The trial court is afforded a large amount of flexibility in eliciting from a child witness a declaration that he or she will testify truthfully. In re Z.C., Montgomery App. No. 21231, 2006-Ohio-5378, ¶ 9;In re Slone (Dec. 22, 2000), Montgomery App. No. 18405, 2000 WL1867585, at *3. The questions posed to A.W. were similar to those utilized to ascertain child witness competency in a number of other Ohio cases. See, e.g., State v. Sprauer, Warren App. No. CA2005-02-022,2006-Ohio-1146, ¶ 12, fn. 1; State v. Abzell, Fairfield App. No. 04CA11,2005-Ohio-1704, ¶ 23-96; State v. Olah, 146 Ohio App.3d 589,2001-Ohio-1641, ¶ 13. A.W.'s answers to the trial court's questions indicated that she was able to *Page 6 
receive, recall, and communicate accurate impressions of fact, understand truth and falsity, and appreciate her responsibility to be truthful. The trial court therefore did not abuse its discretion in finding her competent to testify at appellant's trial.
 {¶ 21} Appellant's second assignment of error is overruled.
 {¶ 22} Assignment of Error No. 3:
 {¶ 23} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO EXCLUDE THE LAW ENFORCEMENT OFFICERS' TESTIMONY ABOUT DEFENDANT'S ALLEGED CONFESSION."
 {¶ 24} At trial, Detective Russell Lowe of the City of Washington Courthouse Police Department and Cindy Erwin of the Ohio Attorney General's Office of the Bureau of Criminal Identification and Investigation ("BCI") served as two of the state's witnesses. Both testified that appellant confessed to them during a March 2006 interview at BCI that he had had sexual intercourse with A.W. on one occasion. According to appellant, this testimony was crucial in securing his rape conviction. He contends that the testimony referencing his alleged confession should have been excluded because the interrogation was not recorded therefore violating his due process rights and denying the jury an accurate portrayal of what occurred during the interrogation.
 {¶ 25} Appellant did not object to the witness testimony concerning his alleged confession or move to suppress the confession, and therefore this argument has been forfeited unless we find plain error. Crim. R. 52(B); Barnes, 94 Ohio St.3d at 27. Prior to the interview, appellant was informed of his Miranda rights and waived them. Appellant also does not allege on appeal that his confession was involuntary. Rather, appellant urges this court to embrace the position adopted by other jurisdictions requiring interrogations to be recorded where feasible in order for them to be admissible as evidence at trial. Ohio law does not currently impose such a requirement, however, and we decline to adopt this *Page 7 
approach. Because Ohio law does not mandate that interrogations be recorded to be admissible, there was no error and our plain error analysis need go no further.
 {¶ 26} Appellant's third assignment of error is overruled.
 {¶ 27} Assignment of Error No. 4:
 {¶ 28} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REPEATEDLY ADMITTING HEARSAY STATEMENTS OF THE ALLEGED CHILD VICTIM."
 {¶ 29} Appellant argues that the trial court erred in permitting several witnesses to testify about out-of-court statements made to them by A.W. The admission of testimony about A.W.'s statements, according to appellant, effectively bolstered A.W.'s own testimony to the prejudice of appellant.[2]
 {¶ 30} A trial court's decision to admit or exclude evidence will not be reversed by a reviewing court absent an abuse of discretion.State v. Craft, Butler App. No. CA2006-06-145, 2007-Ohio-4116, ¶ 48. As stated, an abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. Hancock, 2006-Ohio-160
at ¶ 130.
 {¶ 31} The hearsay rule provides that out-of-court statements are inadmissible unless the evidence falls within one of the clearly delineated exceptions. See Evid. R. 801(C), 802, 803, and 804. The historic purpose of the hearsay rule is "to exclude statements of dubious reliability that cannot be tested by cross-examination."State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 70.
 {¶ 32} Appellant contends that certain testimony provided by four witnesses contained inadmissible hearsay. First, A.W.'s mother testified that A.W. wrote down on a piece of paper that "[appellant] was touching my body parts." Appellant did not object when A.W.'s *Page 8 
mother testified about this written statement. Generally, a party may not raise for the first time on appeal any issue or error that the party could have called to the trial court's attention at a time when the trial court could have ruled on the issue, or corrected the error, or avoided the error altogether. State v. Awan (1986), 22 Ohio St.3d 120,122. See, also, State v. Wamsley, 117 Ohio St.3d 388, 2008-Ohio-1195, ¶ 28. Consequently, appellant waived any argument regarding the mother's testimony referencing A.W.'s written statement for purposes of appeal.
 {¶ 33} Next, appellant challenges testimony provided by pediatrician Amy Luckidoo. Dr. Luckidoo testified that A.W. told her "[appellant] put his private in my private." This statement was admissible under Evid. R. 803(4), which allows for the admission of statements made for the purpose of medical diagnosis or treatment. A.W.'s statement was made in response to Dr. Luckidoo's question asking her why she was there for a medical examination. A. W.'s answer clearly falls within the confines of Evid. R. 803(4), and there is no evidence that the statement was untrustworthy or unreliable. See State v. Muttart, 116 Ohio St.3d 5,2007-Ohio-5267, ¶ 41-42; State v. Dever (1992), 64 Ohio St.3d 401,410-11.
 {¶ 34} Appellant also challenges testimony provided by Ross County Children's Services investigator Laura Butt. On direct examination by the prosecution, Ms. Butt stated that her investigation was prompted by the fact that A.W. "made some comments to her Grandmother." Ms. Butt did not testify on direct examination as to the substance of these comments. Her testimony referencing these comments was not offered to prove that A.W. had in fact made certain comments to her grandmother. When an out-of-court statement is not offered for its truth, it is not hearsay.State v. Echavarria, Butler App. No. CA2003-300, 2004-Ohio-7044, ¶ 9. Ms. Butt's brief reference to A.W.'s statements to her grandmother on direct examination were not hearsay because they were not offered to prove the truth of the matter asserted, but to explain why she began her investigation. *Page 9 
 {¶ 35} On cross-examination, Ms. Butt testified that A.W. told her that appellant had "put his private part in her private part" and that it had happened three times. The prosecution did not question Ms. Butt on direct examination about statements made to her by A.W. Rather, this information was first elicited on cross-examination of Ms. Butt by defense counsel. Therefore, appellant opened the door to this issue for questioning by the prosecution on re-direct examination. Any error pertaining to this was thus invited or induced by appellant himself and he may not take advantage thereof. State ex rel. Kline v. Carroll,96 Ohio St.3d 404, 2002-Ohio-4849, ¶ 27.
 {¶ 36} Finally, appellant challenges certain evidence provided by A.W.'s grandmother. A.W.'s grandmother testified that A.W. told her that "[appellant] came in and started touching her in places and where he pees from, he stuck it in her" and that this had happened three times. A.W.'s grandmother also submitted a written statement to the police which cited statements made to her by A.W. Both the testimony and the document were allowed into the record over appellant's objections. Based upon the facts and circumstances of this case, the testimony and written statement were hearsay which did not fall under any hearsay exception. However, any error in the admission thereof was harmless.Muttart at ¶ 28. The trial court properly admitted similar testimony by other witnesses including A.W.'s mother, Dr. Luckidoo, Ms. Butt, and A.W. herself.
 {¶ 37} Appellant's fourth assignment of error is overruled.
 {¶ 38} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] We note that it is not necessary for jurors to be entirely ignorant of the facts and issues of a case prior to trial. "[M]ere prior knowledge of the existence of the case, or familiarity with the issues involved, or even some preexisting opinion as to the merits, does not in and of itself raise a presumption of jury taint; such a standard would be certainly unsalutary, and likewise impossible to achieve." State v.Mundt, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 70, quoting Delisle v.Rivers (C.A.6, 1998), 161 F.3d 370, 382.
[2] Contrary to appellant's assertions under this assignment of error, the trial court was not required to find that A.W. was competent at the time she made her statements to the witnesses. State v. Muttart,116 Ohio St.3d 5, 2007-Ohio-5267, ¶ 44. *Page 1